1   SEYFARTH SHAW LLP
    Jon D. Meer (SBN 144389)
2   jmeer@seyfarth.com
    Sheryl L. Skibbe (SBN 199441)
3   sskibbe@seyfarth.com
    Casey J.T McCoy (SBN 229106)
4   cjtmccoy@seyfarth.com
    2029 Century Park East, Suite 3500
5   Los Angeles, California  90067-3021
    Telephone:     (310) 277-7200
6   Facsimile:      (310) 201-5219

7   Attorneys for Defendant
    NIKE RETAIL SERVICES, INC.
8

9

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  PAYAL PATEL, an individual, on behalf of      Case No. 3:14-cv-851
    herself, on behalf of all persons similarly
14  situated, and as the representative of the State   **DEFENDANT NIKE RETAIL**
    of California,                                **SERVICES, INC.'S NOTICE OF**
15                                                **REMOVAL OF CIVIL ACTION TO**
                       Plaintiff,                 **UNITED STATES DISTRICT COURT**
16
                                                  (Alameda County Superior Court Case No.
17          v.                                    HG13704610 )

18  NIKE RETAIL SERVICES, INC., a                 Complaint Filed:  November 25, 2013
    Corporation; and DOES 1 through 50,           Complaint Served:  February 7, 2014
19  inclusive,

20                     Defendants.

21

22      **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

23  **DISTRICT OF CALIFORNIA AND TO PLAINTIFF PAYAL PATEL AND HER**

24  **ATTORNEYS OF RECORD:**

25      **PLEASE TAKE NOTICE** that Defendant NIKE Retail Services, Inc. ("Nike") files this

26  notice of removal pursuant to 28 U.S.C. sections 1441 and 1446, asserting Diversity Jurisdiction,

27  pursuant to 28 U.S.C. section 1332, to effect the removal of the above-captioned action, which

28

16838061v.5                          DEFENDANT NIKE RETAIL SERVICES, INC.'S NOTICE OF REMOVAL

was commenced in the Superior Court of the State of California for the County of Alameda, and states that the removal is proper for the following reasons:

## I. BACKGROUND - PLEADINGS, PROCESSES AND ORDERS

1. On November 25, 2013, Plaintiff Payal Patel ("Plaintiff") filed a Complaint against Nike in the Superior Court of the State of California for the County of Alameda, entitled, "PAYAL PATEL, an individual, on behalf of herself, on behalf of all persons similarly situated, and as the representative of the State of California, Plaintiff, vs. NIKE RETAIL SERVICES, INC., a Corporation; and DOES 1 through 50, inclusive, Defendants," Case No. HG13704610.  The Complaint alleges causes of action for:  (1) unfair competition in violation of Business and Professions Code §§ 17200, *et seq.*; (2) failure to pay overtime compensation in violation of Labor Code §§ 510, 1194 and 1198, *et seq.*; (3) failure to provide accurate itemized statements in violation of Labor Code § 226; (4) failure to provide wages when due in violation of Labor Code §§ 201, 202 and 203; and (5) violation of the Private Attorneys General Act.  A true and correct copy of the Complaint and Exhibit is attached hereto as **Exhibit A**.

2. Nike was served with the Summons and Complaint and accompany documents on February 7, 2014.  The Complaint was served with a "Notice of Hearing" for (1) a Complex Determination Hearing, which hearing was set for January 27, 2014, and (2) a Case Management Conference scheduled for February 27, 2014, and an Order dated January 27, 2014, designating the case as complex pursuant to California Rules of the Superior Court, Rule 3.400.  True and correct copies of the (1) Summons, (2) Civil Case Cover Sheet, (3) Notice of Hearing, (4) Order, and (5) Service of Process are collectively attached hereto as **Exhibit B**.

3. Nike filed its Answer to the Complaint in Alameda Superior Court on February 25, 2014, a true and correct copy of which is attached hereto as **Exhibit C**.  Defendant has not filed any other pleadings or papers in this action prior to this Notice of Removal.

4. The exhibits listed above constitute all prior pleadings, process, and orders filed with any court in this matter.

1

16838061v.5

## II.    TIMELINESS OF REMOVAL

5.    This Notice of Removal is timely because it is being filed within thirty (30) days of Nike's receipt of the Summons and Complaint on February 7, 2014, and within one (1) year of the commencement of this action.  28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## III.    DIVERSITY OF CITIZENSHIP JURISDICTION

6.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and Nike may remove it from state to federal court pursuant to 28 U.S.C. section 1441(b) in that this action involves citizens of different states and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

### A.    Plaintiff Is A Citizen Of California

7.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  "A person is 'domiciled' in a location where he or she has established a fixed habitation or abode of a particular place, and [intends] to remain there permanently and/or indefinitely." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  A party's residence is prima facie evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

8.    Plaintiff alleges that she was employed as an Assistant Store Manager in the State of California in a Nike retail store located in Alameda County from November 2010 to August 2013. (Ex. A, Compl. ¶¶ 4,48.)  Additionally, Plaintiff provided Nike with her home address during the course of her employment for purposes of her personnel file, payroll checks, state payroll, and tax withholdings.  (Declaration of Mara Harrington in Support of Defendant's Notice of Removal ("Harrington Decl."), ¶ 4.)  Employees are required to keep their contact information current.  Plaintiff's last known address is located in Contra Costa County, California. (*Id.*)  Plaintiff's intent to remain domiciled in California is evident from the fact that, although Plaintiff has taken the position that Nike owes her unpaid wages, neither Plaintiff nor her counsel

16838061v.5

has provided Nike a non-California address to send allegedly unpaid wages. Therefore, Plaintiff was at all relevant times, and still is, a citizen and resident of the State of California.

**B.     Defendant Is Not A Citizen Of California**

9.     **Defendant Nike Retail Services, Inc.** Nike is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1). 28 U.S.C. § 1332(c)(1).

10.     Pursuant to 28 U.S.C. section 1332(c), for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

11.     Nike is now, and ever since this action commenced has been, incorporated under the laws of the State of Oregon, with its principal place of business in Beaverton, Oregon. (Declaration of Evan S. Reynolds in Support of Defendant's Notice of Removal ("Reynolds Decl."), ¶ 3). Beaverton, Oregon is the site of Nike's corporate headquarters and executive offices, where its high level officers direct, control, and coordinate Nike's activities. (Reynolds Decl., ¶ 4). Furthermore, many of Nike's executive and administrative functions, including corporate financing and accounting, are directed from Beaverton, Oregon. (Reynolds Decl., ¶ 5). Accordingly, Nike's principal place of business is Beaverton, Oregon under the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

12.     Therefore, for purposes of diversity jurisdiction, Nike is, and has been at all times since this action commenced, a citizen of the State of Oregon.

13.     **Doe Defendants.** The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

14.     Pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris,*

3

16838061v.5

1    *Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002). Thus, the existence of Doe defendants one through

2    fifty, does not deprive this Court of jurisdiction.

3        **C.**    **Amount In Controversy Exceeds The Statutory Minimum**

4          15.    Under the Federal Courts Jurisdiction and Venue Clarification Act of 2011,

5    Congress clarified that the *preponderance of the evidence* standard applies to removals under 28

6    U.S.C. § 1332(a). *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal

7    certainty that the amount in controversy requirement has been met."). 28 U.S.C. §

8    1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in

9    controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits

10   recovery of damages in excess of the amount demanded." *See Damele v. Mack Trucks, Inc.,*

11   219 Cal. App. 3d 29, 41-42 (1990) (noting that under California law, a plaintiff is not limited to

12   the statement of damages set forth in his Complaint.) Thus, even if Plaintiff alleges that the

13   amount in controversy for Plaintiff individually does not exceed the sum or value of $75,000,

14   "removal of the action is proper on the basis of an amount in controversy . . . if the district court

15   finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount

16   specified in section 1332(a)," or $75,000. 28 U.S.C. § 1446(c)(2)(B); *see, e.g., RT Financial*

17   *Inc. v. Zamora*, No. 1:12-cv-01581-AW-SKO, 2012 WL 4468763, *2 (E.D. Cal. Sept. 27, 2012)

18   (holding that the preponderance of the evidence standard applied to a complaint which

19   expressly stated that the amount in controversy did not exceed $10,000); *Belair Land Co., LLC*

20   *v. Durazo*, No. 1:12-cv-00158-AWI-SKO, 2012 WL 591925, *3 (E.D. Cal. Feb. 22, 2012)

21   (same).

22         16.    The preponderance standard is not a "daunting" standard. *Muniz v. Pilot Travel*

23   *Centers LLC*, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007); *see Valdez v Allstate Ins*. Co.,

24   372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual

25   award with one hundred percent accuracy"). Defendants are not obligated to "research, state,

26   and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999,

27   1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-

28   05 (E.D. Cal. 2008)). A removing defendant must simply produce underlying facts or evidence

demonstrating **more likely than not** the amount in controversy exceeds $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount."); *see Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (district court properly considered damages awards in other similar cases)(emphasis added); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is what amount is "put in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

17.    While Nike denies any liability as to Plaintiff's claims, as set forth more fully below, the Court has diversity jurisdiction under 28 U.S.C. § 1332(a) over Plaintiff's claims because Plaintiff is diverse from Defendant and Plaintiff's claims are worth more than, but at least as much as, $75,001.  All calculations supporting the amount in controversy are based on Plaintiff's potential recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is hotly disputed) could be established.

18.    **Unpaid Overtime Claims**:  In her Second Cause of Action, Plaintiff alleges Defendant failed to pay overtime wages in violation of Labor Code §§ 510, 1194 and 1198 et seq.  (Ex. A, Compl., ¶¶ 64-81.)  Plaintiff alleges that "at all relevant times . . . Plaintiff . . . [was **regularly required** to work, and did in fact work, overtime hours."  (*Id.* ¶ 49; emphasis added.)  The statute of limitations for overtime claims pursuant to Labor Code section 1194 is three years.  *See* Cal. Code Civ. Proc. § 338(a).  But, in her First Cause of Action Plaintiff also alleges that the failure to pay "earned but unpaid overtime wages for all overtime hours worked" is a an unfair business practice, in which she seeks restitution of  unpaid overtime.  (*Id.* ¶ 61.)  The relevant period for her restitution claim for unpaid overtime is the four-year statute of limitations for unfair business practice claims.  Cal. Bus. & Prof. Code § 17208.  Thus, for determining the amount in controversy, the four-year statute of limitations applies.

19.    Plaintiff was employed by Nike as an Assistant Head Coach at one of its retail stores from approximately October 17, 2010 to August 9, 2013.

5

16838061v.5

20.     From October 17, 2010 to July 30, 2011, Plaintiff earned a salary of $52,000.00 per year (Plaintiff's rate per hour was approximately $25.24).  From July 31, 2011 to July 28, 2012, Plaintiff earned a salary of $54,865.00 per year (Plaintiff's rate per hour was approximately $26.38).  From July 29, 2012 to July 27, 2013, Plaintiff earned a salary of $58,294.00 per year (Plaintiff's rate per hour was approximately $28.03).  From July 28, 2013 to August 9, 2013, Plaintiff earned a salary of $60,335.00 per year (Plaintiff's rate per hour was approximately $29.01).  Between October 17, 2010 and August 9, 2013, Plaintiff's rate per hour was approximately $27.17. (Harrington Decl., ¶ 6).

21.     Plaintiff worked full-time during the entire time she worked for Nike as an Assistant Head Coach (from approximately October 17, 2010 to August 9, 2013).  She was typically scheduled to work at least an 8-hour day, five days per week, or at least 40 hours per week.  (Harrington Decl., ¶ 7).

22.     Plaintiff filed her Complaint on November 25, 2013.  Pursuant to the 4 year statute of limitations that applies to her claim for restitution of alleged unpaid overtime, the relevant time period is November 25, 2009, through August 9, 2013.  However, Plaintiff was not employed as an exempt employee until October 17, 2010.  (Harrington Decl., ¶ 3).  Furthermore, Plaintiff alleges in her Complaint that she was classified as an exempt employee only "from November of 2010 to August 2013."  (Ex. A, Compl. ¶¶ 4, 24.)  Therefore, for purposes of removal, the relevant time period for her claim for restitution of alleged unpaid overtime is November 1, 2010 through August 9, 2013, or 144 weeks.

23.     Plaintiff is silent as to the amount of alleged overtime she claims to have worked, thereby precluding precise estimates of the amount in controversy.  However, Plaintiff does allege that "**at all relevant times** . . .Plaintiff . . . [was] **regularly** required to work, and did in fact work, overtime hours."  (Ex. A, Compl., ¶ 49; emphasis added.)  Although Nike denies that Plaintiff (or any Assistant Head Coach) is entitled to any overtime payments, assuming 5 hours of alleged unpaid overtime per week, the amount in controversy would be approximately **$28,848.45** ((38 weeks x 5 hours OT per week x $25.24 x 1.5) + (52 weeks x 5 hours OT per week x $26.38 x 1.5) + (52 weeks x 5 hours OT per week x $28.03 x 1.5) + (2 weeks x 5 hours

6

16838061v.5

OT per week x $29.01 x 1.5)).[1]  Assuming 3 hours of alleged unpaid overtime work per week, the amount in controversy would be approximately **$17,309.07** ((38 weeks x 3 hours OT per week x $25.24 x 1.5) + (52 weeks x 3 hours OT per week x $26.38 x 1.5) + (52 weeks x 3 hours OT per week x $28.03 x 1.5) + (2 weeks x 3 hours OT per week x $29.01 x 1.5)).  Assuming an estimate of 1 hour of alleged unpaid overtime work per week, the amount in controversy would be approximately **$5,769.69** ((38 weeks x 1 hours OT per week x $25.24 x 1.5) + (52 weeks x 1 hours OT per week x $26.38 x 1.5) + (52 weeks x 1 hours OT per week x $28.03 x 1.5) + (2 weeks x 1 hours OT per week x $29.01 x 1.5)).

24.    Accordingly, the amount in controversy on Plaintiff's overtime claim, excluding any work alleged to have been performed on the seventh consecutive day, is between approximately **$5,769.69 and $28,848.45**.

25.    **Meal and Rest Period Claims:**  In her first cause of action, Plaintiff seeks relief under Business and Professions Code § 17200 *et seq.* for Nike's alleged failure to provide meal and rest breaks.  In support of her claim, Plaintiff alleges that "Defendant failed to provide **all** the legally required off-duty meal and rest breaks to the Plaintiff . . . as required by the applicable Wage Order and Labor Code."  (*See* Ex. A, Complaint, ¶17; emphasis added.)  Plaintiff further alleges that "Defendant did not have a policy or practice which provided meal and rest breaks to the Plaintiff.  As a result, Plaintiff alleges that "Defendant's failure to provide the Plaintiff  . . . with legally required meal and rest breaks is evidenced by Defendant's business records which contain **no record** of these breaks."  (*See* Ex. A, Complaint, ¶17; emphasis added.)

---

[1] This amount is even greater when taking into account work allegedly performed on the seventh consecutive day of work.  Plaintiff alleges the application of statutes that are only relevant if an employee works seven consecutive days in a workweek.  *See, e.g.,* Ex. A, Complaint, ¶¶ 66-67 (citing Cal. Lab. Code sections 551 and 552 regarding seven day workweeks).  Thus, assuming Plaintiff had worked her regular 8-hour shift for seven consecutive days and that Plaintiff was entitled to overtime (which Nike contests), she would receive 8 hours of overtime on her seventh consecutive day of work.  Based on these allegations in her Complaint, the amount in controversy is calculated to be **$46,157.52** ((38 weeks x 8 hours OT per week x $25.24 x 1.5) + (52 weeks x 8 hours OT per week x $26.38 x 1.5) + (52 weeks x 8 hours OT per week x $28.03 x 1.5) + (2 weeks x 8 hours OT per week x $29.01 x 1.5)).  *See* Lab. Code § 510.

7

16838061v.5

26.     Plaintiff seeks restitution in the form of "one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work." (*See* Ex. A, Complaint, ¶57.) Labor Code § 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . ." Section 512 further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ." Labor Code § 226.7 requires employers to pay an extra hour's pay to employees who are not provided a meal period.

27.     Plaintiff further seeks "one (1) hour of pay for each workday in which a rest period was not timely provided as required by law."  (See Ex. A, Complaint, ¶58.)  Labor Code § 226.7 requires employers to pay an extra hour's pay to employees who are not provided a rest period.

28.     The statute of limitations for recovery of Labor Code section 226.7 pay is three years. *Murphy v. Kenneth Cole Prods.*, Inc., 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations.").  However, Plaintiff alleges a claim for meal and rest break premiums pay as part of her unfair competition claim under Business and Professions Code section 17200, *et seq.*  (See Ex. A, Complaint, ¶58.)  Although meal and rest break premium pay cannot be recovered under Business and Professions Code section 17200 (*Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1401 (2010)), according to the allegations of her Complaint, the four-year statute of limitations applies for purposes of removal.  Cal. Bus. & Prof. Code § 17208.  Therefore, for determining the amount in controversy for Plaintiff's meal and rest break claim, the alleged period is from November 25, 2009, through August 9, 2013.  But, because Plaintiff was not employed as an exempt Assistant Head Coach until October 17, 2010 (Harrington Decl., ¶ 3), and because Plaintiff alleges to have been an exempt employee beginning in November 2010 (Ex. A, Complaint, ¶ 24), the time period for removal purposes

8

16838061v.5

1    for her restitution claim could be no longer than between November 1, 2010 through August 9,

2    2013, or 144 weeks.

3         29.    Based on the allegations in Plaintiff's Complaint that Nike allegedly deprived her

4    of **"all** the legally required off-duty meal and rest breaks," the amount in controversy on

5    Plaintiff's individual meal period claim is calculated at **$19,232.30** ((38 weeks x 5 days x 1

6    missed meal period per day x $25.24 per hour) + (52 weeks x 5 days x 1 missed meal period per

7    day x $26.38) + (52 weeks x 5 days x 1 missed meal period per day x $28.03) + (2 weeks x 5

8    days x 1 missed meal period per day x $29.01)).   The amount in controversy on Plaintiff's

9    individual rest period claim is calculated at **$19,232.30** ((38 weeks x 5 days x 1 missed meal

10   period per day x $25.24 per hour) + (52 weeks x 5 days x 1 missed meal period per day x

11   $26.38) + (52 weeks x 5 days x 1 missed meal period per day x $28.03) + (2 weeks x 5 days x 1

12   missed meal period per day x $29.01)).

13        30.    **Claim for Untimely Final Wages:**  Plaintiff further alleges that "Defendant has

14   not tendered payment of all wages owed as required by law."  (Ex. A, Compl., ¶ 92.)  Plaintiff

15   demands "thirty days of pay as a penalty for not paying all wage due at the time of termination,"

16   as provided by Cal. Lab. Code § 203.  (*Id.* ¶ 93.)

17        31.    Plaintiff's claim is based on her allegations that Defendant has not paid overtime

18   compensation owed to her upon termination of employment. (Ex. A, Compl., ¶ 80.)  Because

19   Plaintiff was not paid overtime (because she was properly classified as an exempt, salaried

20   employees), the amount in controversy on Plaintiff's untimely wage claim is the statutory

21   maximum penalty set forth in California Labor Code § 203—wages for each day she was not

22   paid up to a thirty day maximum.  *See* Cal. Lab. Code § 203.

23        32.    Accordingly, the amount in controversy on Plaintiff's untimely final wages claim

24   is **$6,962.40** (30 days x 8 hours per day x $29.01 per hour).

25        33.    **Claim for Non-Compliant Wage Statements:** Plaintiff also alleges that

26   Defendant failed to provide Plaintiff with "an accurate wage statement in writing."  (Ex. A,

27   Complaint, ¶ 84.)  Specifically, Plaintiff alleges that Defendant failed to "properly and

28

9

16838061v.5

accurately itemize[] the number of hours worked by the Plaintiff . . . at the effective regular rates of pay and the effective overtime rates of pay" in her wage statements. (*Id.*)

34.     Plaintiff seeks "liquidated damages" pursuant to Labor Code Section 226 as a result of these violations. (Ex. A, Compl., ¶ 85.) Labor Code Section 226(e) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

35.     There is a one-year statute of limitation on this claim. *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 376 (2005); Cal. Civil Proc. Code § 340. Nike retail employees like Plaintiff are paid on a bi-weekly basis (Harrington Decl., ¶ 5). There are 26 pay periods per year. Presuming violations began accruing one year prior to the filing of Plaintiff's Complaint based on Plaintiff's allegation that she was not paid overtime as an exempt, salaried employee, approximately 18 pay periods elapsed between November 25, 2012 and August 9, 2013.

36.     Based on the number of allegedly inaccurate wage statements she received, the amount in controversy on Plaintiff's claim for alleged wage statement violations is **$1,750** ($50 for the initial pay period and $100 for 17 subsequent pay periods).

37.     **Claim for PAGA Penalties.** In addition to the unpaid overtime wages, meal period premium wages, rest period premium wages, wage statement penalties, and waiting-time penalties, Plaintiff alleges that she is entitled to recover PAGA civil penalties on behalf of the State of California with respect to herself and all other "Aggrieved Employees" for Nike's alleged violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1194 and 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Orders. (Ex. A, Compl., ¶¶ 94-98.)

DEFENDANT NIKE RETAIL SERVICES, INC.'S NOTICE OF REMOVAL

16838061v.5

38.     PAGA authorizes "aggrieved employees," acting as a private attorneys general, to assess and collect civil penalties for violations of the California Labor Code. Cal. Lab. Code § 2698 et seq.  Under PAGA, Plaintiff may seek penalties in the sum of one hundred dollars per aggrieved employee, per pay period, for an initial Labor Code violation, and two hundred dollars for each subsequent violation per aggrieved employee, per pay period. Cal. Lab. Code § 2699(f)(2).

39.     The statute of limitations for recovery of PAGA penalties is one year. Cal. Civ. Proc. Code § 340; see also Thomas v. Home Depot USA Inc., 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007) (holding PAGA statute of limitations is one year and rejecting claim that relevant limitations period is that of the underlying claims). Nike has had 18 pay periods between November 25, 2012 and August 9, 2013.

40.     Although Nike disputes Plaintiff's ability to recover any PAGA penalties because Nike did not violate any provisions of the Labor Code and disputes that PAGA penalties are available for certain Labor Code statutes identified in the Complaint, for the purposes of removal, Defendant is bound to take the allegations of the Complaint as pled.  Plaintiff has asserted a claim for PAGA penalties based on 10 alleged violations of the California Labor Code and IC Wage Order. [2]  Thus, based on the allegations in Plaintiff's Complaint, PAGA penalties based solely on Plaintiff's individual claims would amount to **$24,600** (($100 civil penalty for alleged initial violation for initial pay period x 1 alleged statutory violation (§ 201) + [$100 civil penalty for alleged initial violation for initial pay period + $200 civil penalty for alleged subsequent violations x 17 subsequent pay periods x 7 alleged statutory violations (§§ 204, 226(a), 226.7, 510, 512, 1194 and 1198)].  Assuming only one violation of the California Labor Code or IWC Wage Order per pay period during the one-year PAGA limitations period, PAGA penalties amount to at least **$3,500** ($100 civil penalty for alleged

---

[2] As previously mentioned,  Defendants will argue that Plaintiff is precluded from asserting claims for PAGA penalties for several of these alleged violations of the Labor Code.  However, given Plaintiff's request for PAGA penalties with respect to these statutes, Defendant includes them in its estimate for PAGA penalties in determining the amount in controversy.

11

initial violation for initial pay period + $200 civil penalty for alleged subsequent violations x 17 subsequent pay periods).

41.     The entire $24,600 in potential PAGA penalties is to be considered in calculating the amount in controversy. *See, e.g., Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *8 (E.D. Cal. Jul. 14, 2010) ("[I]t makes little difference whether the LWDA shares in this recovery—Plaintiff, by alleging PAGA penalties, has put 100% of the PAGA penalties in controversy.").[3]

42.     Therefore, based upon Plaintiff's allegations regarding Nike's failure to pay overtime, failure to provide meal and rest periods, inaccurate wage statements and Plaintiff's individual PAGA claims, the amount in controversy for her individual claims, **without attorneys' fees,** is between approximately **$77,546.69** and **$100,625.45**, calculated as follows:

| | |
|---|---|
| $5,769.69-$28,848.45 | Overtime Claim |
| $19,232.30 | Meal Period Claim |
| $19,232.30 | Rest Period Claim |
| $6,962.40 | Untimely Final Wages Claim |
| $1,750 | Wage Statement Claim |
| $24,600 | Individual PAGA Penalties |

43.     **Reasonable Attorneys' Fees.**  This is a wage and hour case brought under various Labor Code statutes, including California Labor Code sections 1194 and 2699, which provide for the award of attorneys' fees to a prevailing employee for certain claims.

44.     Where the underlying statutes entitle a prevailing plaintiff to an award of reasonable attorneys' fees, such fees must be included in the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,

---

[3] Under the PAGA statute, a bounty equal to 25% of the total value of PAGA penalties is paid to "aggrieved employee(s) and 75% to the State."  Cal. Lab. Code § 2699(i).

16838061v.5

1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in

controversy, regardless of whether award is discretionary or mandatory); *Simmons v. PCR Tech*,

209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002); *see Zator v. Sprint/United Mgmt. Co.*, 2011

U.S. Dist. LEXIS 33383 at * 6 (S.D. Cal. Mar. 29, 2011).

45.     The reasonable amount of attorneys' fees in a case may be based upon fee awards

in similar cases, plaintiff's counsel's hourly rate, and the number of hours counsel expects to

spend on this case. *See Brady*, 243 F. Supp. 2d at 1011 (N.D. Cal. 2002).

46.     At least as recently as November 3, 2011, Kyle R. Nordrehaug, one of the counsel

of record for Plaintiff in this case, represented that associates and partners of the firm bill at

between $395 and $575 per hour. (*See* Declaration of Kyle R. Nordrehauf, Exhibit D, to Notice

of Removal.)

47.     At a rate of, *at minimum*, $395 per hour, attorneys' fees would reach **$39,500** after

just 100 billable hours, and "attorneys handling wage-and-hour cases typically spend far more

than 100 hours on the case." *Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *4

(N.D. Cal. Apr. 15, 2010). At a rate of $575 per hour, attorneys' fees would reach **$57,500** after

just 100 billable hours.

48.     Attorneys' fees in similar individual wage and hour cases can amount to well

more than the jurisdictional amount in controversy, standing alone. *See, e.g., Liu, et al. v. Wong,

et al.*, BC 459007, 2012 Jury Verdicts LEXIS 14830 (L.A. Sup. Ct. July 5, 2010) (awarding

attorneys' fees of **$177,816.25** for two plaintiff wage and hour case alleging failure to pay

overtime); *Puerto, et al. v. Wild Oats Markets, Inc.*, BC359723, 2011 Jury Verdicts LEXIS

213326 (L.A. Sup. Ct. July 5, 2010) (awarding attorneys' fees of **$200,000** after concluding that

two plaintiffs prevailed on their overtime claims for which plaintiffs recovered $56,673.39 in

damages, excluding interest); *Martin v. The "Old" Turner Inn*, 2003 WL 25333593 (Cal. Sup.

2003) (awarding **$147,610** in attorneys' fees and costs in a single-plaintiff wage and hour case

in which the plaintiff covered $49,508 in compensatory and punitive damages); *see also Bandoy

v. Huh*, 1996 WL 675978 (Cal. Sup. 1996) (awarding **$73,680** in attorneys' fees in a wage-and-

hour employee misclassification case in which the plaintiff recovered in excess of $200,000 in unpaid wages).

49.     Thus, taking into account even a conservative estimate of reasonable attorneys' fees, based on a conservative estimate of 100 billable hours, the total amount in controversy for purposes of removal under 28 U.S.C. § 1332(a) easily exceeds the jurisdiction prerequisite of $75,000.

50.     Accordingly, since diversity of citizenship exists between Plaintiff and Nike, and the amount in controversy between them is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1), and Plaintiff's individual action is removable under 28 U.S.C. § 1441(b).

## IV.     VENUE AND INTRADISTRICT ASSIGNMENT

51.     As discussed above, Plaintiff is a resident of California residing in Contra Costa County, California.

52.     Plaintiff originally brought this action in the Superior Court of the State of California for the County of Alameda.  The County of Alameda lies within the jurisdiction of the United States District Court, Northern District of California, Oakland Branch.

53.     This Court is the United States District Court for the district within which the State Court Action is pending.  Therefore, pursuant to 28 U.S.C. sections 1391(a), 1441(a) and 1446(a), venue lies in the North District of this Court.

## V.     SERVICE OF NOTICE OF REMOVAL

54.     Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California for the County of Alameda, in the State Court Action.

55.     This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

///

16838061v.5

1    WHEREFORE, Nike prays that this civil action be removed from the Superior Court of

2    the State of California, County of Alameda, to the United States District Court for the Northern

3    District of California.

4

5    DATED: February 26, 2014                    Respectfully submitted,

6                                                SEYFARTH SHAW LLP

7

8                                                By: /s/ Casey J.T. McCoy
                                                     Jon D. Meer
9                                                    Sheryl L. Skibbe
                                                     Casey J.T McCoy

10                                               Attorneys for Defendants
                                                 NIKE RETAIL SERVICES, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            15

16838061v.5

# EXHIBIT A

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

ENDORSED
FILED
ALAMEDA COUNTY

NOV 2 5 2013

CLERK OF THE SUPERIOR COURT
By ~~Esther Coleman~~
                                    Deputy

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| PAYAL PATEL, an individual, on behalf of herself, on behalf of all persons similarly situated, and as the representative of the State of California,<br><br>        Plaintiff,<br><br>vs.<br><br>NIKE RETAIL SERVICES, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. HG13704610<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br><br>2. FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 510, 1194 AND 1198, *et seq.*;<br><br>3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br><br>4. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 and 203; and,<br><br>5. VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698, *et seq.*].<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff Payal Patel ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees and on behalf of the State of California pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698, *et seq.* ("PAGA"), alleges on information and belief, except her own acts and knowledge, the following:

## THE PARTIES

1.    Defendant Nike Retail Services, Inc. ("NIKE" or "DEFENDANT") is a corporation and operates retail stores in California.  At all relevant times mentioned herein, NIKE conducted and continues to conduct substantial and regular business throughout the State of California.

2.    NIKE is the world's #1 shoe and apparel company. The company designs, develops, and sells a variety of products and services to help in playing basketball, soccer, and football, as well as in running, men's and women's training, and other action sports. Under its namesake brand, NIKE also markets sports-inspired products for children and various competitive and recreational activities, such as golf, tennis, and walking, and sportswear by Converse and Hurley. NIKE sells through more than 800-owned retail stores worldwide, an e-commerce site, and to thousands of retail accounts, independent distributors, and licensees. Chairman Philip Knight controls the company.

3.    To successfully compete against other retail sportswear companies, NIKE substantially reduced its labor costs by placing the labor burden on a smaller number of employees.  The goal of overtime laws includes expanding employment throughout the workforce by putting financial pressure on the employer and nurturing a stout job market, as well as the important public policy goal of protecting employees in a relatively weak bargaining position against the unfair scheme of uncompensated overtime work.  An employer's obligation to pay its employees wages is more than a matter of private concern between the parties.  That obligation is founded on a compelling public policy judgment that employees are entitled to work a livable number of hours at a livable wage.  In addition, statutes and regulations that compel employers to pay overtime relate to fundamental issues of social welfare worthy of protection.  The requirement to pay overtime wages extends

1    beyond the benefits individual workers receive because overtime wages discourage

2    employers from concentrating work in a few overburdened hands and encourage employers

3    to instead hire additional employees. Especially in today's economic climate, the importance

4    of spreading available work to reduce unemployment cannot be overestimated.

5        4.      Plaintiff Payal Patel was employed by NIKE as an Assistant Store Manager

6    from November of 2010 to August of 2013 in a NIKE Retail store in Alameda County,

7    California. At all times during her employment with NIKE as an Assistant Store Manager

8    PLAINTIFF was classified as a salaried employee exempt from overtime pay and related

9    benefits.

10        5.      As part of their business, NIKE employs a fleet of so called "Assistant Store

11    Managers." PLAINTIFF, as an Assistant Store Manager, was engaged in the core, day-to-

12    day business activities of NIKE. The Assistant Store Managers engaged in the finite set of

13    primary tasks of greeting and assisting customers, working the cash register, setting up sales

14    racks and displays, merchandising, which included folding and placing apparel in the store

15    in accordance with company standards, dealing with customer service issues, cleaning

16    fixtures, and taking inventory all in accordance with NIKE's business policies and practices.

17        6.      The position of Assistant Store Manager was represented by NIKE to the

18    PLAINTIFF and the other Assistant Store Managers as a salaried position exempt from

19    overtime pay and other related benefits.

20        7.      To perform their finite set of tasks, the Assistant Store Managers did not

21    engage in a supervisory role given the constraints placed upon them by company policy.

22    Assistant Store Managers had little, if any, responsibility in determining what work was to

23    be done by other employees or in what time frame. Furthermore, Assistant Store Managers

24    also did not have a distinct role in training other employees or determining what training

25    they were to receive. Lastly, PLAINTIFF and other Assistant Store Managers did not have

26    the ultimate authority to hire, fire, or promote employees, determine their pay rates or

27    benefits, or give raises as they were unable unilaterally make employment-related, personnel

28    decisions. The store manager employed by NIKE and other employee relations specilaist

1   employees had the final say whether to terminate an employee.  Consequently, PLAINTIFF

2   and the other Assistant Store Managers did not have the authority to decide whether or not

3   an employee should be disciplined for an infraction without first notifying upper

4   management at NIKE.  Disciplinary decisions were made by the human resources

5   department or dictated by company policies.  Overall, the PLAINTIFF's and other Assistant

6   Store Managers' recommendations were given little, if any, weight on all the above issues.

7   As a result, the PLAINTIFF and the other Assistant Store Managers were engaged in a type

8   of work that required no exercise of independent judgment or discretion as to any matter of

9   significance.  Therefore, the PLAINTIFF and all the other Assistant Store Managers were

10  "managers" in name only because they did not have managerial duties or authority and

11  should therefore have been properly classified as non-exempt employees.

12         8.      Plaintiff Payal Patel brings this Class Action on behalf of herself and a

13  California class, defined as all persons who are or previously were employed by Defendant

14  Nike Retail Services, Inc. as Assistant Store Managers in a California retail store and were

15  classified as exempt from overtime wages (the "CALIFORNIA CLASS") at any time during

16  the period beginning on the date four (4) years prior to the filing of this Complaint and

17  ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

18         9.      The work schedule for the PLAINTIFF and other CALIFORNIA CLASS

19  Members was set by NIKE.  Generally, the PLAINTIFF and other CALIFORNIA CLASS

20  Members worked from time to time in excess of eight (8) hours in a workday and more than

21  forty (40) hours in a workweek.

22         10.     PLAINTIFF and the other CALIFORNIA CLASS Members were not

23  provided with overtime compensation and other benefits required by law as a result of being

24  classified as "exempt" by NIKE.

25         11.     As a matter of company policy, practice, and procedure, NIKE has uniformly,

26  unlawfully, unfairly and/or deceptively classified every Assistant Store Manager as exempt

27  from overtime pay and other related benefits, failed to pay the required overtime

28  compensation and otherwise failed to comply with all applicable labor laws with respect to

1    these Assistant Store Managers.

2         12.    The true names and capacities, whether individual, corporate, subsidiary,

3    partnership, associate or otherwise of Defendants DOES 1 through 50, inclusive, are

4    presently unknown to the PLAINTIFF who therefore sues these Defendants by such

5    fictitious names pursuant to Cal. Civ. Proc. Code § 474. The PLAINTIFF will seek leave to

6    amend this Complaint to allege the true names and capacities of DOES 1 through 50,

7    inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon

8    that information and belief alleges, that the Defendants named in this Complaint, including

9    DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events

10   and happenings that proximately caused the injuries and damages hereinafter alleged.

11        13.    The agents, servants and/or employees of the Defendants and each of them

12   acting on behalf of the Defendants acted within the course and scope of his, her or its

13   authority as the agent, servant and/or employee of the Defendants, and personally

14   participated in the conduct alleged herein on behalf of the Defendants with respect to the

15   conduct alleged herein. Consequently, the acts of each Defendants are legally attributable to

16   the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFF

17   and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate

18   result of the conduct of the Defendants' agents, servants and/or employees.

19                               **THE CONDUCT**

20        14.    The finite set of tasks required of the Assistant Store Managers as defined by

21   DEFENDANT were executed by the Assistant Store Managers through the performance of

22   non-exempt labor within a defined manual skill set.

23        15.    Although the PLAINTIFF and the other Assistant Store Managers spent the

24   vast majority of their time performing these non-exempt tasks, DEFENDANT instituted a

25   blanket classification policy, practice and procedure by which all of these Assistant Store

26   Managers were classified as exempt from overtime compensation. By reason of this

27   uniform exemption practice, policy and procedure applicable to the PLAINTIFF and the

28   other Assistant Store Managers who performed these non-exempt tasks, DEFENDANT

1   committed acts of unfair competition in violation of the California Unfair Competition law,

2   Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a uniform company-

3   wide policy, practice and procedure which failed to properly classify the PLAINTIFF and

4   the other Assistant Store Managers and thereby failed to pay them overtime wages for

5   documented overtime hours worked.  The proper classification of these employees is

6   DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the

7   obligation to meet this burden, DEFENDANT failed to pay all required overtime

8   compensation for work performed by the members of the CALIFORNIA CLASS and

9   violated the California Labor Code and regulations promulgated thereunder as herein

10  alleged.

11        16.    DEFENDANT, as a matter of law, have the burden of proving that (a)

12  employees are properly classified as exempt and that (b) DEFENDANT otherwise complied

13  with applicable laws.

14        17.    During their employment with DEFENDANT, the PLAINTIFF and the other

15  CALIFORNIA CLASS Members, performed non-managerial, non-exempt tasks, but were

16  nevertheless classified by DEFENDANT as exempt from overtime pay and worked more

17  than eight (8) hours in a workday and more than forty (40) hours in a workweek.  In

18  addition, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to

19  the PLAINTIFF and the other CALIFORNIA CLASS Members as required by the applicable Wage

20  Order and Labor Code. DEFENDANT did not have a policy or practice which provided meal and

21  rest breaks to the PLAINTIFF and the other CALIFORNIA CLASS Members.  As a result,

22  DEFENDANT's failure to provide the PLAINTIFF and the CALIFORNIA CLASS Members with

23  legally required meal and rest breaks is evidenced by DEFENDANT's business records which

24  contain no record of these breaks.

25        18.    PLAINTIFF and the other Assistant Store Managers employed by

26  DEFENDANT were not engaged in work of a type that was or now is directly related to the

27  management or general business operations of the DEFENDANT's customers, when giving

28  these words a fair but narrow construction.  PLAINTIFF and the other Assistant Store

---

1 | Managers employed by DEFENDANT were also not engaged in work of a type that was or

2 | now is performed at the level of the policy or management of DEFENDANT. PLAINTIFF

3 | and the other Assistant Store Managers employed by DEFENDANT were also not engaged

4 | in work requiring knowledge of an advanced type in a field or science or learning

5 | customarily acquired by a prolonged course of specialized intellectual instruction and study,

6 | but rather their work involved the performance of routine mental, clerical, and/or physical

7 | processes. PLAINTIFF and the other Assistant Store Managers employed by DEFENDANT

8 | were also not engaged in work that was intellectual and varied in character, but rather was

9 | routine mental, clerical, and/or physical work that was of such character that the output

10 | produced or the result accomplished can be standardized in relation to a given period of

11 | time. The work of an Assistant Store Manager of DEFENDANT was work wherein the

12 | PLAINTIFF and the members of the CALIFORNIA CLASS were engaged in the day-to-day

13 | business of DEFENDANT. The Assistant Store Managers engaged in the finite set of tasks

14 | of greeting and assisting customers, working the cash register, setting up sales racks and

15 | displays, merchandising, which included folding and placing apparel in the store in

16 | accordance with company standards, dealing with customer service issues, cleaning fixtures,

17 | and taking inventory all in accordance with DEFENDANT's company policies.

18 | 19. In performing these tasks, PLAINTIFF and other CALIFORNIA CLASS

19 | Members followed procedures established by DEFENDANT. The PLAINTIFF and other

20 | CALIFORNIA CLASS Members did not set policies or establish procedures for

21 | DEFENDANT and were expected to use their experience, knowledge, skill and training to

22 | operate within the policy guidelines that were provided to them by DEFENDANT. As a

23 | result, the PLAINTIFF and the other Assistant Store Managers employed by DEFENDANT

24 | were engaged in work that falls on the non-exempt administrative and production side of the

25 | administrative/production worker dichotomy and should have been properly classified as

26 | non-exempt employees.

27 | 20. Assistant Store Managers were classified as exempt from California overtime

28 | and related laws by DEFENDANT, however, these employees did not have managerial

1    duties or authority and were therefore managers in name only.  Assistant Store Managers in

2    performing these ongoing day-to-day, non-exempt and non-managerial tasks had only a

3    minimal role in supervising employees and had no authority to make employment-related

4    decisions relating to DEFENDANT's employees.  Furthermore, the Assistant Store

5    Managers were tightly controlled by company policy and by their supervisors, did not

6    exercise discretion or independent judgment as to matters of significance, and their tasks

7    were not directly related to DEFENDANT's management policies or general business

8    operation.

9          21.    PLAINTIFF and all members of the CALIFORNIA CLASS were

10   uniformly classified and treated by DEFENDANT as exempt at the time of hire and

11   thereafter, DEFENDANT failed to take the proper steps to determine whether the

12   PLAINTIFF, and the members of the CALIFORNIA CLASS, were properly classified under

13   the applicable Industrial Welfare Commission Wage Order (Wage Order 5-2001) and Cal.

14   Lab. Code §§ 510, *et seq.* as exempt from applicable California labor laws.  Since

15   DEFENDANT affirmatively and wilfully misclassified the PLAINTIFF and the members of

16   the CALIFORNIA CLASS in compliance with California labor laws, DEFENDANT's

17   practices violated and continue to violate California law.  In addition, DEFENDANT acted

18   deceptively by falsely and fraudulently telling the PLAINTIFF and each member of the

19   CALIFORNIA CLASS that they were exempt from overtime pay when DEFENDANT

20   knew or should have known that this statement was false and not based on known facts.

21   DEFENDANT also acted unfairly by violating the California labor laws, and as a result of

22   this policy and practice, DEFENDANT also violated the UCL.  In doing so, DEFENDANT

23   cheated the competition by paying the CALIFORNIA CLASS less than the amount

24   competitors paid who complied with the law and cheated the CALIFORNIA CLASS by not

25   paying them in accordance with California law.

26         22.    DEFENDANT also failed to provide and still fails to provide the PLAINTIFF

27   and the other CALIFORNIA CLASS Members with a wage statement in writing that

28   accurately sets forth gross wages earned, all applicable hourly rates in effect during the pay

1  period and the corresponding number of hours worked at each hourly rate by the

2  PLAINTIFF and the other CALIFORNIA CLASS Members. This conduct violated

3  California Labor Code § 226. The pay stub also did not accurately display anywhere the

4  PLAINTIFF's and the other CALIFORNIA CLASS Members' overtime hours and

5  applicable rates of overtime pay for the pay period.

6       23.    By reason of this uniform conduct applicable to the PLAINTIFF and all the

7  CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in

8  violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

9  (the "UCL"), by engaging in a company-wide policy and procedure which failed to correctly

10  classify the PLAINTIFF and the CALIFORNIA CLASS of Assistant Store Managers as

11  non-exempt. The proper classification of these employees is DEFENDANT's burden. As a

12  result of DEFENDANT's intentional disregard of the obligation to meet this burden,

13  DEFENDANT failed to properly calculate and/or pay all required overtime compensation

14  for work performed by the members of the CALIFORNIA CLASS and violated the

15  applicable Wage Order, the California Labor Code and the regulations promulgated

16  thereunder as herein alleged.

17       24.    Plaintiff Payal Patel worked as an Assistant Store Manager for DEFENDANT

18  and was classified as an exempt employee from November of 2010 to August of 2013.

19  PLAINTIFF's tasks were non-managerial, non-exempt tasks, such as, greeting and assisting

20  customers, working the cash register, setting up sales racks and displays, merchandising,

21  which included folding and placing apparel in the store in accordance with company

22  standards, dealing with customer service issues, cleaning fixtures, and taking inventory all in

23  accordance with DEFENDANT's company policies. During the CALIFORNIA CLASS

24  PERIOD, PLAINTIFF was regularly required to work in excess of eight (8) hours in a

25  workday and more than forty (40) hours in a workweek, but as a result of DEFENDANT's

26  misclassification of PLAINTIFF as exempt from the applicable California Labor Code

27  provisions, PLAINTIFF was not compensated by DEFENDANT for her overtime hours

28  worked at the applicable overtime rate. DEFENDANT also failed to provide all the legally

1  required off-duty meal and rest breaks to the PLAINTIFF as required by the applicable
2  Wage Order and Labor Code. DEFENDANT did not have a policy or practice which
3  provided meal and rest breaks to the PLAINTIFF and also failed to compensate the
4  PLAINTIFF for her missed meal breaks. In addition, PLAINTIFF was not provided with
5  accurate and itemized wage statements showing the gross wages earned, the net wages
6  earned, all applicable hourly rates in effect during the pay period, including overtime hourly
7  rates, and the corresponding number of hours worked at each hourly rate, by DEFENDANT
8  during the CALIFORNIA CLASS PERIOD in violation of Cal. Lab. Code § 226(a). To
9  date, DEFENDANT has not fully paid PLAINTIFF the overtime compensation still owed to
10  her or any penalty wages owed to her under Cal. Lab. Code § 203. The amount in
11  controversy for the PLAINTIFF individually does not exceed the sum or value of $75,000.

12  **THE CALIFORNIA CLASS**

13      25.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and
14  Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the
15  "UCL") as a Class Action, pursuant to California Code of Civil Procedure Section 382, on
16  behalf of a California Class, defined as all persons who are or previously were employed by
17  Defendant Nike Retail Services, Inc. as Assistant Store Managers in a California retail store
18  and were classified as exempt from overtime wages (the "CALIFORNIA CLASS") at any
19  time during the period beginning on the date four (4) years prior to the filing of this
20  Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS
21  PERIOD").

22      26.    To the extent equitable tolling operates to toll claims by the CALIFORNIA
23  CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted
24  accordingly.

25      27.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in
26  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage
27  Order Requirements, and the applicable provisions of California law, intentionally,
28  knowingly, and wilfully, engaged in a practice whereby DEFENDANT unfairly, unlawfully,

1    and deceptively instituted a practice to ensure that the employees employed in an Assistant

2    Store Manager position were not properly classified as non-exempt from the requirements of

3    California Labor Code §§ 510, *et seq.*

4        28.    DEFENDANT has the burden of proof to make sure that each and every

5    employee is properly classified as exempt from the requirements of the Cal. Lab. Code §§

6    510, *et seq.* DEFENDANT, however, as a matter of uniform and systematic policy and

7    procedure had in place during the CALIFORNIA CLASS PERIOD and still has in place a

8    policy and practice that misclassifies the CALIFORNIA CLASS Members as exempt.

9    DEFENDANT's uniform policy and practice in place at all times during the CALIFORNIA

10   CLASS PERIOD and currently in place is to systematically classify each and every

11   CALIFORNIA CLASS Member as exempt from the requirements of the California Labor

12   Code §§ 510, *et seq.* This common business practice applicable to each and every

13   CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful,

14   unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the

15   "UCL") as causation, damages, and reliance are not elements of this claim.

16       29.    At no time before, during or after the PLAINTIFF's employment with

17   DEFENDANT was any Assistant Store Manager reclassified as non-exempt from the

18   applicable requirements of California Labor Code §§ 510, *et seq.* after each CALIFORNIA

19   CLASS Member was initially, uniformly, and systematically classified as exempt upon

20   being hired.

21       30.    Any individual declarations of any employees offered at this time purporting

22   to indicate that one or more Assistant Store Managers may have been properly classified is

23   of no force or affect absent contemporaneous evidence that DEFENDANT's uniform system

24   did not misclassify the PLAINTIFF and the other CALIFORNIA CLASS Members as

25   exempt pursuant to Cal. Lab. Code §§ 510, *et seq.* absent proof of such a contemporaneous

26   system, DEFENDANT's business practice is uniformly unlawful, unfair and/or deceptive

27   under the UCL and may be so adjudicated on a class-wide basis. As a result of the UCL

28   violations, the PLAINTIFF and the CALIFORNIA CLASS Members are entitled to compel

1 DEFENDANT to provide restitutionary disgorgement of their ill-gotten gains into a fluid

2 fund in order to restitute these funds to the PLAINTIFF and the CALIFORNIA CLASS

3 Members according to proof.

4       31.   The CALIFORNIA CLASS is so numerous that joinder of all CALIFORNIA

5 CLASS Members is impracticable.

6       32.   DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS

7 under California law by:

         (a)   Violating the California Unfair Competition laws, Cal. Bus. & Prof.

              Code §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or

              deceptively having in place company policies, practices and procedures

              that uniformly misclassified the PLAINTIFF and the members of the

              CALIFORNIA CLASS as exempt;

         (b)   Committing an act of unfair competition in violation of the UCL, by

              unlawfully, unfairly, and/or deceptively failing to have in place a

              company policy, practice and procedure that accurately determined the

              amount of working time spent by the PLAINTIFF and the members of

              the CALIFORNIA CLASS performing non-exempt labor;

         (c)   Committing an act of unfair competition in violation of the UCL, by

              having in place a company policy, practice and procedure that failed to

              reclassify as non-exempt those members of the CALIFORNIA CLASS

              whose actual tasks were comprised of non-exempt job functions;

         (d)   Committing an act of unfair competition in violation of the UCL, by

              violating Cal. Lab. Code §§ 510, *et seq.*, by failing to pay the correct

              overtime pay to the PLAINTIFF and the members of the

              CALIFORNIA CLASS who were improperly classified as exempt, and

              retaining the unpaid overtime to the benefit of DEFENDANT; and,

         (e)   Committing an act of unfair competition in violation of the UCL, by

              failing to provide mandatory meal and/or rest breaks to the PLAINTIFF

1    PLAINTIFF and the members of the CALIFORNIA CLASS that would

2    make class certification inappropriate.  Counsel for the CALIFORNIA

3    CLASS will vigorously assert the claims of all employees in the

4    CALIFORNIA CLASS.

5    34.    In addition to meeting the statutory prerequisites to a Class Action, this Action

6    is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

7    (a)    Without class certification and determination of declaratory, statutory

8    and other legal questions within the class format, prosecution of

9    separate actions by individual members of the CALIFORNIA CLASS

10    will create the risk of:

11    1)    Inconsistent or varying adjudications with respect to individual

12    members of the CALIFORNIA CLASS which would establish

13    incompatible standards of conduct for the parties opposing the

14    CALIFORNIA CLASS; and/or,

15    2)    Adjudication with respect to individual members of the

16    CALIFORNIA CLASS which would as a practical matter be

17    dispositive of interests of the other members not party to the

18    adjudication or substantially impair or impede their ability to

19    protect their interests.

20    (b)    The parties opposing the CALIFORNIA CLASS have acted or refused

21    to act on grounds generally applicable to the CALIFORNIA CLASS,

22    making appropriate class-wide relief with respect to the CALIFORNIA

23    CLASS as a whole in that DEFENDANT uniformly classified and

24    treated the Assistant Store Managers as exempt and, thereafter,

25    uniformly failed to take proper steps to determine whether the Assistant

26    Store Managers were properly classified as exempt, and thereby denied

27    these employees overtime wages as required by law;

28    1)    With respect to the First Cause of Action, the final relief on

1      and the CALIFORNIA CLASS members.

2      33.    This Class Action meets the statutory prerequisites for the maintenance of a

3  Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

4              (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

5                     that the joinder of all such persons is impracticable and the disposition

6                     of their claims as a class will benefit the parties and the Court;

7              (b)    Nearly all factual, legal, statutory, and declaratory relief issues that are

8                     raised in this Complaint are common to the CALIFORNIA CLASS will

9                     apply uniformly to every member of the CALIFORNIA CLASS;

10             (c)    The claims of the representative PLAINTIFF are typical of the claims

11                    of each member of the CALIFORNIA CLASS. PLAINTIFF, like all

12                    the other members of the CALIFORNIA CLASS, was initially

13                    classified as exempt upon hiring based on the defined corporate policies

14                    and practices and labored under DEFENDANT's systematic procedure

15                    that failed to properly classify as non-exempt the PLAINTIFF and the

16                    members of the CALIFORNIA CLASS. PLAINTIFF sustained

17                    economic injury as a result of DEFENDANT's employment practices.

18                    PLAINTIFF and the members of the CALIFORNIA CLASS were and

19                    are similarly or identically harmed by the same unlawful, deceptive,

20                    unfair and pervasive pattern of misconduct engaged in by

21                    DEFENDANT by deceptively advising all Assistant Store Managers

22                    that they were exempt from overtime wages based on the defined

23                    corporate policies and practices, and unfairly failing to pay overtime to

24                    these employees who were improperly classified as exempt; and,

25             (d)    The representative PLAINTIFF will fairly and adequately represent and

26                    protect the interest of the CALIFORNIA CLASS, and has retained

27                    counsel who are competent and experienced in Class Action litigation.

28                    There are no material conflicts between the claims of the representative

behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim the PLAINTIFF seeks declaratory relief holding that DEFENDANT's policies and practices constitute unfair competition, along with incidental equitable relief as may be necessary to remedy the conduct declared to constitute unfair competition;

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)     Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

B.     Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be

1    dispositive of the interests of the other members not

2    parties to the adjudication or substantially impair or

3    impede their ability to protect their interests;

4    3)    In the context of wage litigation because as a practical matter a

5    substantial number of individual CALIFORNIA CLASS

6    Members will avoid asserting their legal rights out of fear of

7    retaliation by DEFENDANT, which may adversely affect an

8    individual's job with DEFENDANT or with a subsequent

9    employer, the Class Action is the only means to assert their

10    claims through a representative; and,

11    4)    A Class Action is superior to other available methods for the fair

12    and efficient adjudication of this litigation because class

13    treatment will obviate the need for unduly and unnecessary

14    duplicative litigation that is likely to result in the absence of

15    certification of this Action pursuant to Cal. Code of Civ. Proc. §

16    382.

17    35.    This Court should permit this Action to be maintained as a Class Action

18    pursuant to Cal. Code of Civ. Proc. § 382, because:

19    (a)    The questions of law and fact common to the CALIFORNIA CLASS

20    predominate over any question affecting only individual CALIFORNIA

21    CLASS Members because DEFENDANT's employment practices were

22    uniform and systematically applied with respect to the CALIFORNIA

23    CLASS;

24    (b)    A Class Action is superior to any other available method for the fair

25    and efficient adjudication of the claims of the members of the

26    CALIFORNIA CLASS because in the context of employment litigation

27    a substantial number of individual CALIFORNIA CLASS Members

28    will avoid asserting their rights individually out of fear of retaliation or

1    adverse impact on their employment;

2    (c)   The members of the CALIFORNIA CLASS are so numerous that it is

3    impractical to bring all members of the CALIFORNIA CLASS before

4    the Court;

5    (d)   PLAINTIFF, and the other CALIFORNIA CLASS Members, will not

6    be able to obtain effective and economic legal redress unless the action

7    is maintained as a Class Action;

8    (e)   There is a community of interest in obtaining appropriate legal and

9    equitable relief for the acts of unfair competition, statutory violations

10    and other improprieties, and in obtaining adequate compensation for the

11    injuries which DEFENDANT's actions have inflicted upon the

12    CALIFORNIA CLASS;

13    (f)   There is a community of interest in ensuring that the combined assets of

14    DEFENDANT are sufficient to adequately compensate the members of

15    the CALIFORNIA CLASS for the injuries sustained;

16    (g)   DEFENDANT has acted or refused to act on grounds generally

17    applicable to the CALIFORNIA CLASS, thereby making final class-

18    wide relief appropriate with respect to the CALIFORNIA CLASS as a

19    whole;

20    (h)   The members of the CALIFORNIA CLASS are readily ascertainable

21    from the business records of DEFENDANT.  The CALIFORNIA

22    CLASS consists of all DEFENDANT's Assistant Store Managers who

23    were classified as exempt and who were employed in a California retail

24    store during the CALIFORNIA CLASS PERIOD; and,

25    (i)   Class treatment provides manageable judicial treatment calculated to

26    bring an efficient and rapid conclusion to all litigation of all wage and

27    hour related claims arising out of the conduct of DEFENDANT as to

28    the members of the CALIFORNIA CLASS.

36.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policies, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

### THE CALIFORNIA LABOR SUB-CLASS

37.     PLAINTIFF further brings the Second, Third, and Fourth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who were employed by DEFENDANT in California (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period beginning on the date three (3) years prior to the filing of the action and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to California Code of Civil Procedure § 382.

38.     DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, wilfully, and systematically misclassified the PLAINTIFF and the other members of the CALIFORNIA CLASS and the CALIFORNIA LABOR SUB-CLASS as exempt from overtime wages and other labor laws based on DEFENDANT's comprehensive policies and procedures in order to avoid the payment of overtime wages by misclassifying their positions as exempt from overtime wages and other labor laws. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

39.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as CALIFORNIA LABOR SUB-CLASS Members have been systematically, intentionally and uniformly misclassified as exempt as a matter of DEFENDANT's corporate policies, practices and procedures. PLAINTIFF will seek leave to amend the Complaint to include these additional job titles

1    when they have been identified.

2        40.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

3    CALIFORNIA LABOR SUB-CLASS Members is impracticable.

4        41.    Common questions of law and fact exist as to members of the CALIFORNIA

5    LABOR SUB-CLASS, including, but not limited, to the following:

6            (a)    Whether DEFENDANT unlawfully failed to pay overtime

7                    compensation to members of the CALIFORNIA LABOR SUB-CLASS

8                    in violation of the California Labor Code and California regulations and

9                    the applicable California Wage Order;

10           (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

11                   non-exempt employees entitled to overtime compensation for overtime

12                   hours worked under the overtime pay requirements of California law;

13           (c)    Whether DEFENDANT's policy and practice of classifying the

14                   CALIFORNIA LABOR SUB-CLASS Members as exempt from

15                   overtime compensation and failing to pay the CALIFORNIA LABOR

16                   SUB-CLASS Members overtime violate applicable provisions of

17                   California law;

18           (d)    Whether DEFENDANT unlawfully failed to keep and furnish

19                   CALIFORNIA LABOR SUB-CLASS Members with accurate records

20                   of overtime hours worked;

21           (e)    Whether DEFENDANT's policy and practice of failing to pay members

22                   of the CALIFORNIA LABOR SUB-CLASS all wages when due within

23                   the time required by law after their employment ended violates

24                   California law; and,

25           (f)    The proper measure of damages and penalties owed to the members of

26                   the CALIFORNIA LABOR SUB-CLASS.

27       42.    DEFENDANT, as a matter of corporate policy, practice and procedure,

28   erroneously classified all Assistant Store Managers as exempt from overtime wages and

1    other labor laws. All Assistant Store Managers, including the PLAINTIFF, performed the

2    same finite set of tasks and were paid by DEFENDANT according to uniform and

3    systematic company procedures, which, as alleged herein above, failed to correctly pay

4    overtime compensation. This business practice was uniformly applied to each and every

5    member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this

6    conduct can be adjudicated on a class-wide basis.

7         43.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-

8    CLASS under California law by:

9            (a)    Violating Cal. Lab. Code §§ 510, *et seq*., by misclassifying and thereby

10                   failing to pay the PLAINTIFF and the members of the CALIFORNIA

11                   LABOR SUB-CLASS the correct overtime pay for a workday longer

12                   than eight (8) hours and a workweek longer than forty (40) hours for

13                   which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

14            (b)    Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF

15                   and the members of the CALIFORNIA LABOR SUB-CLASS who

16                   were improperly classified as exempt with an accurate itemized

17                   statement in writing showing the gross wages earned, the net wages

18                   earned, all applicable hourly rates in effect during the pay period and

19                   the corresponding number of hours worked at each hourly rate by the

20                   employee; and,

21            (c)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

22                   when an employee is discharged or quits from employment, the

23                   employer must pay the employee all wages due without abatement, by

24                   failing to tender full payment and/or restitution of wages owed or in the

25                   manner required by California law to the members of the

26                   CALIFORNIA LABOR SUB-CLASS who have terminated their

27                   employment.

28      44.    This Class Action meets the statutory prerequisites for the maintenance of a

1    Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

2            (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS

3                      are so numerous that the joinder of all such persons is impracticable and

4                      the disposition of their claims as a class will benefit the parties and the

5                      Court;

6            (b)    Nearly all factual, legal, statutory, and declaratory relief issues that are

7                      raised in this Complaint are common to the CALIFORNIA LABOR

8                      SUB-CLASS and will apply uniformly to every member of the

9                      CALIFORNIA LABOR SUB-CLASS;

10           (c)    The claims of the representative PLAINTIFF are typical of the claims

11                     of each member of the CALIFORNIA LABOR SUB-CLASS.

12                     PLAINTIFF, like all the other members of the CALIFORNIA LABOR

13                     SUB-CLASS, was improperly classified as exempt and denied overtime

14                     pay as a result of DEFENDANT's systematic classification practices.

15                     PLAINTIFF and all the other members of the CALIFORNIA LABOR

16                       SUB-CLASS sustained economic injuries arising from DEFENDANT's

17                     violations of the laws of California; and,

18           (d)    The representative PLAINTIFF will fairly and adequately represent and

19                     protect the interest of the CALIFORNIA LABOR SUB-CLASS, and

20                     has retained counsel who are competent and experienced in Class

21                     Action litigation. There are no material conflicts between the claims of

22                     the representative PLAINTIFF and the members of the CALIFORNIA

23                     LABOR SUB-CLASS that would make class certification

24                     inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS

25                     will vigorously assert the claims of all CALIFORNIA LABOR SUB-

26                     CLASS Members.

27       45.    In addition to meeting the statutory prerequisites to a Class Action, this Action

28   is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a) Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

    1) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

    2) Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly classified and treated the Assistant Store Managers as exempt and, thereafter, uniformly failed to take proper steps to determine whether the Assistant Store Managers were properly classified as exempt, and thereby denied these employees overtime wages as required by law;

(c) Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy,

1     including consideration of:

2     1)     The interests of the members of the CALIFORNIA LABOR

3            SUB-CLASS in individually controlling the prosecution or

4            defense of separate actions in that the substantial expense of

5            individual actions will be avoided to recover the relatively small

6            amount of economic losses sustained by the individual

7            CALIFORNIA LABOR SUB-CLASS Members when compared

8            to the substantial expense and burden of individual prosecution

9            of this litigation;

10    2)     Class certification will obviate the need for unduly duplicative

11           litigation that would create the risk of:

12           A.     Inconsistent or varying adjudications with respect to

13                  individual members of the CALIFORNIA LABOR SUB-

14                  CLASS, which would establish incompatible standards of

15                  conduct for DEFENDANT; and/or,

16           B.     Adjudications with respect to individual members of the

17                  CALIFORNIA LABOR SUB-CLASS would as a

18                  practical matter be dispositive of the interests of the other

19                  members not parties to the adjudication or substantially

20                  impair or impede their ability to protect their interests;

21    3)     In the context of wage litigation because a substantial number of

22           individual CALIFORNIA LABOR SUB-CLASS Members will

23           avoid asserting their legal rights out of fear of retaliation by

24           DEFENDANT, which may adversely affect an individual's job

25           with DEFENDANT or with a subsequent employer, the Class

26           Action is the only means to assert their claims through a

27           representative; and,

28    4)     A Class Action is superior to other available methods for the fair

1    and efficient adjudication of this litigation because class

2    treatment will obviate the need for unduly and unnecessary

3    duplicative litigation that is likely to result in the absence of

4    certification of this Action pursuant to Cal. Code of Civ. Proc. §

5    382.

6    46.    This Court should permit this Action to be maintained as a Class Action

7    pursuant to Cal. Code of Civ. Proc. § 382, because:

8    (a)    The questions of law and fact common to the CALIFORNIA LABOR

9           SUB-CLASS predominate over any question affecting only individual

10          CALIFORNIA LABOR SUB-CLASS Members;

11   (b)    A Class Action is superior to any other available method for the fair

12          and efficient adjudication of the claims of the members of the

13          CALIFORNIA LABOR SUB-CLASS because in the context of

14          employment litigation a substantial number of individual

15          CALIFORNIA LABOR SUB-CLASS Members will avoid asserting

16          their rights individually out of fear of retaliation or adverse impact on

17          their employment;

18   (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so

19          numerous that it is impractical to bring all members of the

20          CALIFORNIA LABOR SUB-CLASS before the Court;

21   (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

22          Members, will not be able to obtain effective and economic legal

23          redress unless the action is maintained as a Class Action;

24   (e)    There is a community of interest in obtaining appropriate legal and

25          equitable relief for the acts of unfair competition, statutory violations

26          and other improprieties, and in obtaining adequate compensation for the

27          damages and injuries which DEFENDANT's actions have inflicted

28          upon the CALIFORNIA LABOR SUB-CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who were employed by DEFENDANT in a California retail store during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

## JURISDICTION AND VENUE

47.     This Court has jurisdiction over this action pursuant to Cal. Code of Civ. Proc § 410.10 and Cal. Business & Professions Code § 17203. This action is brought as a Class Action on behalf of similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

48.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

# FIRST CAUSE OF ACTION

## For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

49.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 48 of this Complaint.

50.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

51.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

52.     By the conduct alleged herein, DEFENDANT has engaged and continue to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, and the California Labor Code Sections 204, 226.7, 510, 512, 1194 & 1198, and for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

53.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, are immoral, unethical, oppressive,

1    unscrupulous or substantially injurious to employees, and are without valid justification or

2    utility for which this Court should issue equitable and injunctive relief pursuant to Section

3    17203 of the California Business & Professions Code, including restitution of wages

4    wrongfully withheld.

5         54.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

6    fraudulent in that DEFENDANT's uniform policy and practice was to represent to

7    PLAINTIFF and other CALIFORNIA CLASS Members that they were exempt from

8    overtime pay when in fact these representations were false and likely to deceive, for which

9    this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code §

10   17203, including restitution of wages wrongfully withheld.

11        55.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

12   unfair and deceptive in that DEFENDANT's employment practices caused the PLAINTIFF

13   and the other members of the CALIFORNIA CLASS to be underpaid during their

14   employment with DEFENDANT.

15        56.    By the conduct alleged herein, DEFENDANT's practices were also unfair and

16   deceptive in that DEFENDANT's uniform policies, practices and procedures failed to

17   provide mandatory meal and/or rest breaks to the PLAINTIFF and the CALIFORNIA

18   CLASS members.

19        57.    Therefore, the PLAINTIFF demands on behalf of herself and on behalf of

20   each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-

21   duty meal period was not timely provided for each five (5) hours of work, and/or one (1)

22   hour of pay for each workday in which a second off-duty meal period was not timely

23   provided for each ten (10) hours of work.

24        58.    PLAINTIFF further demands on behalf of herself and on behalf of each

25   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest

26   period was not timely provided as required by law.

27        59.    By and through the unlawful and unfair business practices described herein,

28   DEFENDANT has obtained valuable property, money and services from the PLAINTIFF

1   and the other members of the CALIFORNIA CLASS and have deprived them of valuable

2   rights and benefits guaranteed by law and contract, all to the detriment of these employees

3   and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete

4   against competitors who comply with the law.

5       60.    All the acts described herein as violations of, among other things, the

6   California Labor Code, California Code of Regulations, the Industrial Welfare Commission

7   Wage Orders, are unlawful, are in violation of public policy, are immoral, unethical,

8   oppressive, and unscrupulous, and are likely to deceive employees, as herein alleged, and

9   thereby constitute deceptive, unfair and unlawful business practices in violation of Cal. Bus.

10  and Prof. Code §§ 17200, *et seq.*

11      61.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled

12  to, and do, seek such relief as may be necessary to restore to them the money and property

13  which DEFENDANT has acquired, or of which the PLAINTIFF and the other members of

14  the CALIFORNIA CLASS have been deprived, by means of the above described unlawful

15  and unfair business practices, including earned but unpaid overtime wages for all overtime

16  hours worked.

17      62.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

18  entitled to, and do, seek a declaration that the described business practices are unlawful,

19  unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT

20  from engaging in any unlawful and unfair business practices in the future.

21      63.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no

22  plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business

23  practices of DEFENDANT. Further, the practices herein alleged presently continue to occur

24  unabated. As a result of the unlawful and unfair business practices described herein, the

25  PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will

26  continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained

27  from continuing to engage in these unlawful and unfair business practices.

28  ///

## SECOND CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 510, 1194 and 1198]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

### Defendants)

64.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 63 of this Complaint.

65.    Cal. Lab. Code § 510 states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

66.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

67.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to work more than six days in seven."

68.    Cal. Lab. Code § 515(d) provides: "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

69.    Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

70.    Cal. Lab. Code § 1198 provides: "The maximum hours of work and the

1   standard conditions of labor fixed by the commission shall be the maximum hours of work

2   and the standard conditions of labor for employees. The employment of any employee for

3   longer hours than those fixed by the order or under conditions of labor prohibited by the

4   order is unlawful."

5       71.   DEFENDANT has intentionally and uniformly designated certain employees

6   as "exempt" employees, by their job title alone and without regard to DEFENDANT's

7   realistic expectations and actual overall requirements of the job, including the PLAINTIFF

8   and the other members of the CALIFORNIA LABOR SUB-CLASS who worked on the

9   production and non-managerial side of DEFENDANT's business. This was done in an

10   illegal attempt to avoid payment of overtime wages and other benefits in violation of the

11   Cal. Lab. Code and Industrial Welfare Commission requirements.

12       72.   For an employee to be exempt as a bona fide "executive," all the following

13   criteria must be met and DEFENDANT has the burden of proving that:

14       (a)   The employee's primary duty must be management of the enterprise, or of a

15             customarily recognized department or subdivision; and,

16       (b)   The employee must customarily and regularly direct the work of at least two

17             (2) or more other employees; and,

18       (c)   The employee must have the authority to hire and fire, or to command

19             particularly serious attention to his or her recommendations on such actions

20             affecting other employees; and,

21       (d)   The employee must customarily and regularly exercise discretion and

22             independent judgment; and,

23       (e)   The employee must be primarily engaged in duties which meet the test of

24             exemption.

25   No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive because

26   they all fail to meet the requirements of being an "executive" within the meaning of the

27   applicable Wage Order.

28       73.   For an employee to be exempt as a bona fide "administrator," all of the

1   following criteria must be met and DEFENDANT has the burden of proving that:

2       (a)     The employee must perform office or non-manual work directly related to

3               management policies or general business operation of the employer; and,

4       (b)     The employee must customarily and regularly exercise discretion and

5               independent judgment; and,

6       (c)     The employee must regularly and directly assist a proprietor or an exempt

7               administrator; or,

8       (d)     The employee must perform, under only general supervision, work requiring

9               special training, experience, or knowledge; or,

10      (e)     The employee must execute special assignments and tasks under only general

11              supervision; and,

12      (f)     The employee must be primarily engaged in duties which meet the test of

13              exemption.

14  No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because

15  they all fail to meet the requirements for being an "administrator" under the applicable Wage

16  Order.

17      74.     The Industrial Welfare Commission, in Wage Order 4-2001, at section

18  (1)(A)(3)(h), and Labor Code § 515 also set forth the requirements which must be complied

19  with to place an employee in the "professional" exempt category.  For an employee to be

20  exempt as a bona fide "professional," all the following criteria must be met and

21  DEFENDANT has the burden of proving that:

22      (a)     The employee is primarily engaged in an occupation commonly recognized as

23              a learned or artistic profession.  For the purposes of this subsection, "learned

24              or artistic profession" means an employee who is primarily engaged in the

25              performance of:

26          1)      Work requiring knowledge of an advanced type in a field or science or

27                  learning customarily acquired by a prolonged course of specialized

28                  intellectual instruction and study, as distinguished from a general

1        academic education and from an apprenticeship, and from training in

2        the performance of routine mental, manual, or physical processes, or

3        work that is an essential part or necessarily incident to any of the above

4        work; or,

5      2)    Work that is original and creative in character in a recognized field of

6        artistic endeavor, and the result of which depends primarily on the

7        invention, imagination or talent of the employee or work that is an

8        essential part of or incident to any of the above work; and,

9      3)    Whose work is predominately intellectual and varied in character (as

10        opposed to routine mental, manual, mechanical, or physical work) and

11        is of such character cannot be standardized in relation to a given period

12        of time.

13   (b)    The employee must customarily and regularly exercise discretion and

14        independent judgment; and,

15   (c)    The employee earns a monthly salary equivalent to no less than two (2) times

16        the state minimum wage for full-time employment.

17  No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because

18  they all fail to meet the requirements of being a "professional" within the meaning of the

19  applicable Wage Order.

20     75.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

21  CLASS, do not fit the definition of an exempt executive, administrative, or professional

22  employee because:

23   (a)    They did not work as executives or administrators; and,

24   (b)    The professional exemption does not apply to the PLAINTIFF, nor to the other

25        members of the CALIFORNIA LABOR SUB-CLASS because they did not

26        meet all the applicable requirements to work under the professional exemption

27        for the reasons set forth above in this Complaint.

28     76.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFF,

1   and the other members of the CALIFORNIA LABOR SUB-CLASS, worked more than

2   eight (8) hours in a workday and more than forty (40) hours in a workweek.

3       77.    At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and the

4   other members of the CALIFORNIA LABOR SUB-CLASS, overtime compensation for the

5   hours they have worked in excess of the maximum hours permissible by law as required by

6   Cal. Lab. Code §§ 510 and 1198, even though the PLAINTIFF, and the other members of

7   the CALIFORNIA LABOR SUB-CLASS, were regularly required to work, and did in fact

8   work, overtime hours.

9       78.    By virtue of DEFENDANT's unlawful failure to pay additional compensation

10  to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, for

11  their overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA LABOR

12  SUB-CLASS, have suffered, and will continue to suffer, an economic injury in amounts

13  which are presently unknown to them and which will be ascertained according to proof at

14  trial.

15      79.    DEFENDANT knew or should have known that the PLAINTIFF, and the

16  other members of the CALIFORNIA LABOR SUB-CLASS, were misclassified as exempt

17  and DEFENDANT systematically elected, either through intentional malfeasance or gross

18  nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate

19  policy, practice and procedure.

20      80.    Therefore, the PLAINTIFF, and the other members of the CALIFORNIA

21  LABOR SUB-CLASS, request recovery of overtime compensation according to proof,

22  interest, costs, as well as the assessment of any statutory penalties against DEFENDANT, in

23  a sum as provided by the Cal. Lab. Code and/or other statutes. To the extent overtime

24  compensation is determined to be owed to members of the CALIFORNIA LABOR SUB-

25  CLASS who have terminated their employment, these employees would also be entitled to

26  waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein.

27  Further, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

28  CLASS, are entitled to seek and recover statutory costs.

81.     In performing the acts and practices herein alleged in violation of labor laws and refusing to provide the requisite overtime compensation, DEFENDANT acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the other members of the CALIFORNIA LABOR SUB-CLASS, with a conscious and utter disregard of their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS.

## THIRD CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

82.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 81 of this Complaint.

83.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

1   (6) the inclusive dates of the period for which the employee is paid,

2   (7) the name of the employee and his or her social security number, except that by

3   January 1, 2008, only the last four digits of his or her social security number or an

4   employee identification number other than a social security number may be shown on

5   the itemized statement,

6   (8) the name and address of the legal entity that is the employer, and

7   (9) all applicable hourly rates in effect during the pay period and the corresponding

8   number of hours worked at each hourly rate by the employee.

9        84.    At all times relevant herein, DEFENDANT violated Labor Code § 226,

10  in that DEFENDANT failed to provide an accurate wage statement in writing that properly

11  and accurately itemized the number of hours worked by the PLAINTIFF, and the other

12  members of the CALIFORNIA LABOR SUB-CLASS at the effective regular rates of pay

13  and the effective overtime rates of pay.

14       85.    DEFENDANT knowingly and intentionally failed to comply with Labor Code

15  § 226, causing damages to the PLAINTIFF, and the other members of the CALIFORNIA

16  LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended

17  calculating the true hours worked and the amount of employment taxes which were not

18  properly paid to state and federal tax authorities.  These damages are difficult to estimate.

19  Therefore, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

20  CLASS may elect to recover liquidated damages of $50.00 for the initial pay period in which

21  the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to

22  Labor Code § 226, in an amount according to proof at the time of trial (but in no event more

23  than $4,000.00 for the PLAINTIFF and each respective member of the CALIFORNIA

24  LABOR SUB-CLASS herein).

25  ///

26  ///

27  ///

28  ///

## FOURTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [ Cal. Lab. Code §§ 201, 202, 203]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

86.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 85 of this Complaint.

87.     Cal. Lab. Code § 200 provides that:

> As used in this article:
> (a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
> (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

88.     Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

89.     Cal. Lab. Code § 202 provides, in relevant part, that:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

90.     There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

91.     Cal. Lab. Code § 203 provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an

employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

92.     The employment of many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

93.     Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD plus interest and statutory costs as allowed by law.

## FIFTH CAUSE OF ACTION

### For Violation of the Private Attorneys General Act

### [Cal. Lab. Code §§ 2698, et seq.]

### (By PLAINTIFF and Against All Defendants)

94.     PLAINTIFF incorporates by reference the allegations set forth in paragraphs 1-93, supra, as though fully set forth at this point.

95.     PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

96.     PLAINTIFF brings this Representative Action on behalf of the State of California with respect to herself and all other individuals who are or previously were

1    employed by DEFENDANT as Assistant Store Managers in California and were classified

2    as exempt from overtime wages during the applicable statutory period (the "AGGRIEVED

3    EMPLOYEES"). PLAINTIFF and the other AGGRIEVED EMPLOYEES regularly worked

4    overtime hours for which they were not compensated as required by California law.

5         97.    On September 24, 2013, PLAINTIFF gave written notice by certified mail to

6    the Labor and Workforce Development Agency (the "Agency") and the employer of the

7    specific provisions of this code alleged to have been violated as required by Labor Code §

8    2699.3. *See* Exhibit #1, attached hereto and incorporated by this reference herein. The

9    statutory waiting period for PLAINTIFF to add these allegations to the Complaint has

10   expired. As a result, pursuant to Section 2699.3, PLAINTIFF may now commence a

11   representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of

12   California with respect to all AGGRIEVED EMPLOYEES as herein defined.

13        98.    The policies, acts and practices heretofore described were and are an unlawful

14   business act or practice because Defendant (a) failed to properly record and pay PLAINTIFF

15   and the other AGGRIEVED EMPLOYEES for all of the hours they worked, including

16   overtime hours in violation of the Wage Order, (b) failed to provide accurate itemized wage

17   statements, and (c) failed to timely pay wages, all in violation of the applicable Labor Code

18   sections listed in Labor Code §2699.5, including but not limited to Labor Code §§ 201, 202,

19   203, 204, 226(a), 226.7, 510, 512, 1194 & 1198 and the applicable Industrial Wage Order(s),

20   and thereby gives rise to statutory penalties as a result of such conduct. PLAINTIFF hereby

21   seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General

22   Act of 2004 as the representative of the State of California for the illegal conduct

23   perpetrated on PLAINTIFF and the other AGGRIEVED EMPLOYEES.

24                                **PRAYER FOR RELIEF**

25        WHEREFORE, the PLAINTIFF prays for judgment against each Defendant, jointly

26   and severally, as follows:

27   1.    On behalf of the CALIFORNIA CLASS:

28        A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

---

CLASS ACTION COMPLAINT
-38-

1 | CLASS as a Class Action pursuant to California Code of Civil Procedure §

2 | 382;

3 | B) | An order requiring DEFENDANTS to correctly calculate and pay all wages

4 | and all sums unlawfuly withheld from compensation due to the PLAINTIFF

5 | and the other members of the CALIFORNIA CLASS;

6 | C) | Restitutionary disgorgement of DEFENDANTS' ill-gotten gains into a fluid

7 | fund for restitution of the sums incidental to DEFENDANTS' violations due

8 | to the PLAINTIFF and to the other members of the CALIFORNIA CLASS

9 | according to proof; and,

10 | D) | An order temporarily, preliminarily, and permanently enjoining and restraining

11 | DEFENDANTS from engaging in similar unlawful conduct as set forth herein.

12 | 2. | On behalf of the CALIFORNIA LABOR SUB-CLASS:

13 | A) | That the Court certify the Second, Third, and Fourth Causes of Action asserted

14 | by the CALIFORNIA LABOR SUB-CLASS as a Class Action pursuant to

15 | California Code of Civil Procedure § 382;

16 | B) | Compensatory damages, according to proof at trial, for overtime compensation

17 | due to the PLAINTIFF and the other members of the CALIFORNIA LABOR

18 | SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS

19 | PERIOD plus interest thereon at the statutory rate;

20 | C) | The greater of all actual damages or fifty dollars ($50) for the initial pay

21 | period in which a violation occurs and one hundred dollars ($100) per each

22 | member of the CALIFORNIA LABOR SUB-CLASS for each violation in a

23 | subsequent pay period, not exceeding an aggregate penalty of four thousand

24 | dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

25 | and,

26 | D) | The wages of all terminated employees from the CALIFORNIA LABOR

27 | SUB-CLASS as a penalty from the due date thereof at the same rate until paid

28 | or until an action therefore is commenced, in accordance with Cal. Lab. Code

1    § 203.

2  3.   On behalf of the State of California and with respect to all AGGRIEVED

3       EMPLOYEES:

4       A)   Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

5            General Act of 2004.

6  4.   On all claims:

7       A)   An award of interest, including prejudgment interest at the legal rate;

8       B)   Such other and further relief as the Court deems just and equitable; and,

9       C)   An award of penalties and cost of suit, but neither this prayer nor any other

10           allegation or prayer in this Complaint is to be construed as a request, under any

11           circumstance, that would result in a request for attorneys' fees under Cal. Lab.

12           Code § 218.5.

13  Dated:   November 21, 2013          BLUMENTHAL, NORDREHAUG & BHOWMIK

14

15                                      By:_____

16                                          Norman B. Blumenthal
                                            Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR A JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated:   November 21, 2013         BLUMENTHAL, NORDREHAUG & BHOWMIK

By:_____
         Norman B. Blumenthal
         Attorneys for Plaintiff

K:\D\Dropbox\Pending Litigation\Nike - Patel\p-Complaint-FINAL.wpd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT #1**

FACSIMILE
(858) 551-1232

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037
GENERAL E-MAIL: bam@bamlawlj.com
Web Site: www.bamlawca.com

TELEPHONES
(858) 551-1223

WRITERS E-MAIL:
DeBlouw@bamlawca.com

WRITERS EXT:
5

September 24, 2013
CA872

## VIA CERTIFIED MAIL

Labor and Workforce Development
Agency
Certified Mail # 70131710000237457561
800 Capitol Mall, Suite 5000, MIC-55
Sacramento, CA 95814

Nike Retail Services, Inc.
Certified Mail #70131710000237457578
National Registered Agents, Inc.
818 W. Seventh Street
Los Angeles, CA 90017

Re:    Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1194, 1198, Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

Our offices represent Plaintiff Payal Patel (the "Plaintiff"), and other aggrieved employees in a class action against Nike Retail Services, Inc. ("Defendant"). Plaintiff was employed in California as an Assistant Store Manager from November of 2010 to August of 2013 and was classified by Defendant as a salaried employee exempt from receiving overtime wages and other related benefits. Defendant, however, unlawfully failed to record and pay Plaintiff and other aggrieved employees for all of the hours they worked, including overtime hours and failed to provide legally required meal and rest periods. As a consequence of the aforementioned violations, the Plaintiff further contends that Defendant failed to provide accurate wage statements to her, and other aggrieved employees, in violation of California Labor Code § 226(a). Said conduct, in addition to the foregoing, violates Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1194, 1198, Violation of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code § 2699.3.

A true and correct copy of the Complaint, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (iv) sets forth the illegal practices used by Defendant is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable the Plaintiff to proceed with the Complaint against Defendant as authorized by California Labor Code § 2695, *et seq*. The class action lawsuit consists of a class of other aggrieved employees. As class counsel, our intention is to vigorously prosecute the class wide claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all aggrieved California employees and Class Members.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Sincerely,

*/s/Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

K:\D\Dropbox\Pending Litigation\Nike - Patel\I-Paga-01.wpd

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ☐ Agent
  ☐ Addressee

B. Received by ( *Printed Name* ) | C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Labor, Workforce Dev. Agency
800 Capitol Mall, Suite 5000
MIC-55
Sacramento, CA 95814

CA072

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
   *(Transfer from*      7013 1710 0002 3745 7561

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Nike Retail Services Inc
National Registered Agents, Inc
818 W. Seventh St.
Los Angeles, CA 90017

OA872

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                                              ☐ Agent
                                               ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

  RUDY RIVERA

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☑ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number        7013 1710 0002 3745 7578
   (Transfer from service label)

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

# EXHIBIT B

2/7/14 11:25

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NIKE RETAIL SERVICES, INC., a Corporation; and DOES 1 through
50, inclusive,

ENDORSED
FILED
ALAMEDA COUNTY

NOV 25 2013

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PAYAL PATEL, an individual, on behalf of herself, on behalf of all persons
similarly situated, and as the representative of the State of California,

CLERK OF THE SUPERIOR COURT
By _____ Deputy
Esther Coleman

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA Oakland 1221 Oak Street, Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* RG13704610 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal    (Bar # 68687)               Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik, 2255 Calle Clara, La Jolla, CA 92037   Phone No.: (858) 551-1223

| DATE: *(Fecha)* NOV 25 2013 | Clerk, by *(Secretario)* Esther Coleman | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* NIKE RETAIL SERVICE, INC.

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Norman B. Blumenthal   (Bar # 68687)
Kyle Nordrehaug   (Bar # 205975)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara, La Jolla, CA 92037
TELEPHONE NO. (858) 551-1223   FAX NO. (858) 551-1232
ATTORNEY FOR *(Name):* Plaintiff Payal Patel

ENDORSED
FILED
ALAMEDA COUNTY

NOV 25 2013

CLERK OF THE SUPERIOR COURT
By_____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS: 1221 Oak Street
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Oakland

CASE NAME:
PATEL v. NIKE RETAIL SERVICES, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | HG1370 4610 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* FIVE (5)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 21, 2013

Norman B. Blumenthal
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

Blumenthal, Nordrehaur & Bhowmik
Attn: Blumenthal, Norman M.
2255 Calle Clara
La Jolla, CA   92037

Nike Retail Services, Inc.

# Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Patel <br>                    Plaintiff/Petitioner(s) <br>        VS. <br> Nike Retail Services, Inc. <br>               Defendant/Respondent(s) <br>     (Abbreviated Title) | No. <u>HG13704610</u> <br><br> NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

      Complex Determination Hearing
      Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 01/27/2014   TIME: 02:30 PM   DEPARTMENT: 17
LOCATION: Administration Building, Third Floor
               1221 Oak Street, Oakland

Case Management Conference:
DATE: 02/27/2014   TIME: 02:30 PM   DEPARTMENT: 17
LOCATION: Administration Building, Third Floor
               1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 17 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6933. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 17.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by emailing them to the following address:
**EDelivery@alameda.courts.ca.gov**. No fee is charged for this service. For further information,

go to **Direct Calendar Departments** at **http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 17.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 17 by e-mail at Dept.17@alameda.courts.ca.gov or by phone at (510) 267-6933.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling **(888) 882-6878**, or faxing a service request form to **(888) 883-2946**. This service is subject to charges by the vendor.

Dated:  12/17/2013                                    Executive Officer / Clerk of the Superior Court

                        By

                                                                                            Digital
                                                                                    Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/18/2013.

                        By

                                                                                            Digital
                                                                                    Deputy Clerk

Blumenthal,Nordrehaur & Bhowmik
Attn: Blumenthal, Norman M.
2255 Calle Clara
La Jolla, CA  92037

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Patel | No. HG13704610 |
| Plaintiff/Petitioner(s) | |
| | Order |
| VS. | |
| | Complaint - Other Employment |
| Nike Retail Services, Inc. | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

The Complex Determination Hearing was set for hearing on 01/27/2014 at 02:30 PM in Department 17 before the Honorable George C. Hernandez, Jr.. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes including trial to Department 17 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules, and the protocols set forth on the Court's website for Department 17.

All motions and ex parte applications shall be noticed for hearing in Department 17. The parties shall reserve hearing dates and times by contacting the Department 17 courtroom clerk via email at Dept.17@alameda.courts.ca.gov. The courtroom clerk can also be contacted by phone at (510) 267-6933, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

Order

Courtesy (bench) copies of all filings should be delivered directly to Dept. 17 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.17@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 17). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

## CASE MANAGEMENT

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

Case Management Statements may be filed by E-Delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb. However, courtesy copies of statements must be delivered directly to Dept. 17. The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable:

A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C. Deadlines and limits on joinder of parties and amended or additional pleadings;

D. Class discovery and class certification;

E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F. An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G. A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

(1) unserved parties and the reasons for the failure to serve;

(2) unserved and/or unfiled cross-complaints;

(3) related actions pending in any jurisdiction and the potential for coordination or consolidation;

(4) any possible jurisdictional or venue issues that may arise;

(5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

(6) unresolved law and motion matters;

(7) requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8) severance of issues for trial; and

(9) calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

## SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Dated:  01/27/2014

_George Aldermander_ facsimile

Judge George C. Hernandez, Jr.

---

Order

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number:  HG13704610
Order After Hearing Re: of 01/27/2014

# DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the
foregoing document was mailed first class, postage prepaid, in a sealed envelope,
addressed as shown on the foregoing document or on the attached, and that the
mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 01/28/2014.

Executive Officer / Clerk of the Superior Court

By  _____

                                         Deputy Clerk

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  CAROLYN GUTSICK
NIKE, INC.
ONE BOWERMAN DRIVE, DF-4
BEAVERTON, OR 97005

SOP Transmittal # **524364208**

213-337-4615 - Telephone

Entity Served:  NIKE RETAIL SERVICES, INC. (Domestic State: OREGON)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 07 day of February, 2014. The following is a summary of the document(s) received:

1. **Title of Action:** Payal Patel, etc., Pltf. vs. Nike Retail Services, Inc., et al., Dfts.

2. **Document(s) Served:** COMPLAINT,SUMMONS & COMPLAINT
Other: Demand For Jury Trial/Exhibit/Cover Sheet
Notice Of: Hearing

3. **Court of Jurisdiction/Case Number:** Alameda County - Superior Court - Oakland, CA
Case # HG13704610

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

   _X_ Personally served by:       _X_ Process Server       ___ Deputy Sheriff       ___ U. S Marshall

   ___ Delivered Via:       ___ Certified Mail       ___ Regular Mail       ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:** 02/07/2014 11:25:00 AM CST

7. **Appearance/Answer Date:** Within 30 days after the service

8. **Received From:** Norman B. Blumenthal
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
Lajolla, CA 92037
858-551-1223

9. **Federal Express Airbill #** 797859422115

10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day
Image SOP
Email Notification, ROB LEINWAND ROBERT.LEINWAND@NIKE.COM
Email Notification, CAROLYN GUTSICK CAROLYN.GUTSICK@NIKE.COM

**NATIONAL REGISTERED AGENTS, INC.**                    CopiesTo:

Transmitted by Nancy Flores

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# EXHIBIT C

1   SEYFARTH SHAW LLP
    Jon D. Meer (SBN 144389)
2   jmeer@seyfarth.com
    Sheryl L. Skibbe (SBN 199441)
3   sskibbe@seyfarth.com
    Casey J.T McCoy (SBN 229106)
4   cjtmccoy@seyfarth.com
    2029 Century Park East, Suite 3500
5   Los Angeles, California  90067-3021
    Telephone:   (310) 277-7200
6   Facsimile:   (310) 201-5219

7   Attorneys for Defendant
    NIKE RETAIL SERVICES, INC.

8

9

10           SUPERIOR COURT OF THE STATE OF CALIFORNIA

11             IN AND FOR THE COUNTY OF ALAMEDA

12

13   PAYAL PATEL, an individual, on behalf of    Case No. HG13704610
    herself, on behalf of all persons similarly situated,
14   and as the representative of the State of      **DEFENDANT NIKE RETAIL SERVICES,**
    California,.                         **INC.'S ANSWER TO PLAINTIFF PAYAL**
15                                **PATEL'S UNVERIFIED CLASS ACTION**
             Plaintiff,                **COMPLAINT**
16

17        v.

18   NIKE RETAIL SERVICES, INC., a Corporation;
    and DOES 1 through 50, inclusive,
19
             Defendants.
20                            Complaint Filed:  November 25, 2013
                                 Complaint Served: February 7, 2014
21

22

23

24

25

26

27

28

16279701v.2

ENDORSED
FILED
ALAMEDA COUNTY

FEB 25 2014

CLERK OF THE SUPERIOR COURT
By Angela Yamahan, Deputy

1    Defendant NIKE Retail Services, Inc. ("Defendant") hereby answers the unverified Class Action

2  Complaint ("Complaint") filed on behalf of Payal Patel ("Plaintiff"), purportedly acting on behalf of

3  himself and others similarly situated as follows:

4                                    **GENERAL DENIAL**

5    Pursuant to California Code of Civil Procedure Section 430.10(d) and (e), Defendant denies,

6  generally and specifically, each and every allegation, and each purported cause of action contained in

7  Plaintiff's Complaint. Defendant further denies, generally and specifically, that Plaintiff has been

8  damaged in any amount, or at all, by reason of any alleged act or omission of Defendant. Defendant

9  further denies, generally and specifically, that Plaintiff has suffered any loss of wages, overtime,

10  penalties, compensation, benefits or restitution, or any other legal or equitable relief within the

11  jurisdiction of this Court.

12    In further answer to the Complaint, and as separate and distinct affirmative or additional

13  defenses, Defendant alleges as follows:

14                              **FIRST AFFIRMATIVE DEFENSE**

15          (Failure To State A Cause Of Action Upon Which Relief Can Be Granted)

16    1.    The Complaint, and each purported cause of action alleged therein, fails to state any

17  cause of action upon which relief can be granted.

18                            **SECOND AFFIRMATIVE DEFENSE**

19                                   (Exempt Employee Status)

20    2.    Plaintiff, and each member of the alleged class, was and is an exempt employee pursuant

21  to California Labor Code Section 515 and the implementing rules and regulations of the California

22  Industrial Welfare Commission Occupational Wage Orders, as well as applicable case authority

23                              **THIRD AFFIRMATIVE DEFENSE**

24                                        (Waiver)

25    3.    Plaintiff has waived her right to assert the purported claims contained in the Complaint,

26  and each purported cause of action therein, against Defendant. Plaintiff, by her own conduct and

27  actions, has waived the right, if any, to assert the claims alleged in the Complaint.

28

ANSWER TO CLASS ACTION COMPLAINT

16279701v.2

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.      Plaintiff is barred by the doctrine of estoppel from pursuing her Complaint, and each purported cause of action alleged therein.  Plaintiff, by her own conduct and actions, is estopped, as a matter of law, from pursuing the claims alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Release)

5.      To the extent Plaintiff and/or putative members of the purported class have executed a release encompassing claims alleged in the Complaint, their claims are barred by that release.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.      Plaintiff is barred by the doctrine of laches from pursuing her Complaint, and each purported cause of action alleged therein, because Plaintiff exercised inexcusable delay in commencing this action.

## SEVENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Unclean Hands)

7.      Plaintiff is precluded from maintaining the Complaint, and each purported cause of action alleged therein, because Plaintiff engaged in conduct showing unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statutes Of Limitation)

8.      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the applicable statutes of limitation for each alleged cause of action, including but not limited to California Code of Civil Procedure Sections 312, 338(a), 340, and 343, and California Business and Professions Code Section 17208.

## NINTH AFFIRMATIVE DEFENSE

### (Failure To Exhaust Administrative Remedies)

9.      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff has failed to exhaust any administrative or statutory remedies provided under

ANSWER TO CLASS ACTION COMPLAINT

16279701v.2

California Labor Code Sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1194, 1198, and 2698 et seq. (the "Labor Code Private Attorneys General Act of 2004" or "PAGA"). To the extent that Plaintiff was required to exhaust any administrative remedies provided by various sections of PAGA, she lacsks standing to sue.

## TENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Doctrine)

10.     Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that, even if Plaintiff or any purportedly similarly situated current or former employees were not paid for all work performed, such work is not compensable pursuant to the *de minimis* doctrine. Pursuant to the *de minimis* doctrine, an employer is not required to pay for insubstantial or insignificant periods of purported off-the-clock work. *See, e.g., Rutti v. Lojack Corp.*, 596 F.3d 1046, 1057-58 (9th Cir. 2010) (noting that courts have generally found that *de minimis* work of less than ten minutes per day is not compensable; "most courts 'have found daily periods of approximately ten minutes *de minimis* even though otherwise compensable'"); *Lindow v. United States*, 738 F.2d 1057, 1062, 1064 (9th Cir. 1984) ("'[i]t is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved"; "most courts have found daily periods of 10 minutes *de minimis* even though otherwise compensable").

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute And Waiting Time Penalties)

11.     Plaintiff is not entitled to any penalty because, at all times relevant and material herein, Defendant did not willfully fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code or the applicable wage order.

## TWELFTH AFFIRMATIVE DEFENSE

### (Action Unconstitutional)

12.     Prosecuting a class action and certification of the alleged class as representative of the general public under California Business and Professions Code Section 17200 is barred, under the facts and circumstances of this case, because provisions of Section 17200 violate the provisions of the United

4

16279701v.2

1    States and California Constitutions, including but not limited to, the due process clauses of the Fifth and

2    Fourteenth Amendments to the United States Constitution.  Likewise, prosecution of a representative

3    action under California Labor Code Section 2698 *et seq.* based upon the facts and circumstances of this

4    case, would be an unconstitutional denial of Defendant's rights contained in the United States and

5    California Constitutions, including, but not limited to, the due process clauses of the Fifth and

6    Fourteenth Amendments to the United States Constitution.

7                                    **THIRTEENTH AFFIRMATIVE DEFENSE**

8                        (Lack Of Standing Under Business and Professions Code section 17200)

9           13.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

10   extent that Plaintiff, or any person upon whose behalf Plaintiff purports to act, lacks the requisite

11   standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and

12   Professions Code Section 17204.  Under Proposition 64, any plaintiff suing for an alleged violation of the

13   California Unfair Competition Law (the "UCL"), California Business and Professions Code Section

14   17200, *et seq.*, must show that he or he has suffered an injury in fact, in addition to simply alleging a loss

15   of money or property.  Since Plaintiff, or any other person on whose behalf Plaintiff purports to act,

16   cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff

17   lacks standing to sue under the UCL.

18                                   **FOURTEENTH AFFIRMATIVE DEFENSE**

19                                  (Lack Of Standing For Injunctive Relief)

20          14.     The claims of Plaintiff and putative members of the purported class for injunctive and

21   other equitable relief are barred because Plaintiff is a former employee and thus has no standing to seek

22   injunctive or other equitable relief.  Plaintiff is not entitled to the equitable relief sought insofar as she

23   has an adequate remedy at law and/or cannot make the requisite showing to obtain injunctive relief in a

24   labor dispute.

25                                     **FIFTEENTH AFFIRMATIVE DEFENSE**

26                                               (Offset)

27          15.     To the extent a court holds that Plaintiff or putative members of the purported class are

28   entitled to damages or penalties, which is specifically denied, Defendant is entitled to an offset for

                                                    5

16279701v.2

1   wages and/or a proportionate reduction in any damages or penalties to the extent Plaintiff or putative

2   members of the purported class were provided with meal periods and authorized and permitted to take

3   rest breaks, or to the extent Plaintiff or putative members of the purported class were paid wages in lieu

4   of being provided with meal periods or authorized and permitted to take rest breaks.  To the extent a

5   court holds that Plaintiff or putative members of the purported class are entitled to damages or penalties,

6   which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment

7   to offset all overpayments and/or all obligations that Plaintiff or putative members of the purported class

8   owed to Defendant against any judgment that may be entered against Defendant.

9   **SIXTEENTH AFFIRMATIVE DEFENSE**

10  (Due Process/Excessive Fine)

11  16.     Although Defendant denies that it has committed or has responsibility for any act that

12  could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or

13  responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous

14  provisions of the United States Constitution and the California Constitution, including the excessive

15  fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of

16  the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions

17  of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due

18  process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other

19  provisions of the California Constitution.

20  **PRAYER**

21  WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

22  1.     That Plaintiff takes nothing by way of her Complaint;

23  2.     That Defendant did not damage or harm Plaintiff, or any of the other members of the

24  purported class, in any way;

25  3.     That Plaintiff is not entitled to any wages, compensation, benefits, penalties, restitution,

26  injunctive relief, declaratory relief, attorneys' fees, costs or any other legal or equitable remedy due to

27  any act or omission of Defendant;

28  4.     That Plaintiff is not an adequate representative to bring an action under the standards of

6

ANSWER TO CLASS ACTION COMPLAINT

16279701v.2

1  the California Unfair Competition Law, California Business and Professions Code Section 17200, et

2  seq., California Code of Civil Procedure Section 382 and/or Rule 23 of the Federal Rules of Civil

3  Procedure;

4    5.  That the Complaint fails to allege facts sufficient to show that there is a predominance of

5  common questions of law or fact among Plaintiff and/or any other person upon whose behalf Plaintiff

6  purports to act;

7    6.  That the Complaint be dismissed in its entirety with prejudice;

8    7.  That judgment be entered in favor of Defendant and against Plaintiff on her entire

9  Complaint and on all causes of action alleged therein;

10    8.  That Defendant be awarded the costs of suit herein incurred as provided by statute; and

11    9.  That Defendant be awarded such other and further relief as the Court may deem

12  appropriate.

13  DATED: February 24, 2014      Respectfully submitted,

14                SEYFARTH SHAW LLP

15

16                By:

17                Jon D. Meer

              Sheryl L. Skibbe

18                Casey J.T. McCoy

19                Attorneys for Defendant

              NIKE RETAIL SERVICES, INC.

20

21

22

23

24

25

26

27

28

ANSWER TO CLASS ACTION COMPLAINT

16279701v.2

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                               )  ss
COUNTY OF LOS ANGELES          )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On February 24, 2014, I served the within document(s):

**DEFENDANT NIKE RETAIL SERVICES, INC.'S ANSWER TO PLAINTIFF PAYAL PATEL'S UNVERIFIED CLASS ACTION COMPLAINT**

☐ I sent such document from facsimile machines (310) 201-5219 on February 24, 2014. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Norman B. Blumental                    *Attorneys for Plaintiffs*
Kyle R. Nordrehaug
Aparajit Bhowmik
BLUMENTHAL, NORDREHAUG &
BHOWMIK
2255 Calle Clara
La Jolla, California 92037
Phone: (858) 551-1223
Fax:    (858) 551-1232

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

PROOF OF SERVICE

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 24, 2014, at Los Angeles, California.

_____
Kelley Lehr

PROOF OF SERVICE

# EXHIBIT D

1   **BLUMENTHAL, NORDREHAUG & BHOWMIK**
      Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
      Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
5
    **UNITED EMPLOYEES LAW GROUP**
6     Walter Haines, Esq. (State Bar #71075)
    65 Pine Ave, #312
7   Long Beach, CA 90802
    Telephone: (562) 256-1047
8   Facsimile: (562) 256-1006

9   Attorneys for Plaintiff

10

11                 **UNITED STATES DISTRICT COURT**

12                 **NORTHERN DISTRICT OF CALIFORNIA**

13

14  SHANNON YAM, an individual, on          CASE No. **4:10-cv-05225-SBA**
    behalf of herself, and on behalf of all
15  persons similarly situated,             **DECLARATION OF KYLE**
                                            **NORDREHAUG IN SUPPORT OF**
16                                          **MOTION AWARD OF ATTORNEYS'**
                Plaintiff,                  **FEES AND COSTS**
17
    vs.
18                                          Hearing Date: November 8, 2011
    KAISER FOUNDATION HOSPITALS,            Hearing Time: 1:00 p.m.
19  INC., a California Corporation; and Does
    1 to 10,                               Judge: Hon. Saundra Brown Armstrong
20                                          Courtroom: 1
21                                          (Former Alameda Superior Court
                Defendants.                 Case No. RG10498319, filed February 10,
22                                          2010)
23

24

25

26

27

28

    _DECLARATION OF KYLE NORDREHAUG IN SUPPORT OF MOTION FOR FINAL APPROVAL_
    Case No. C10-05225

I, Kyle Nordrehaug, declare as follows:

1.     I am a partner in the law firm of Blumenthal, Nordrehaug & Bhomwik, counsel of record for Plaintiff and the Class in this matter. As such, I am fully familiar with the facts, pleadings and history of this matter. I am submitting this supplemental declaration in support of Plaintiff's motion for an award of attorneys' fees and litigation expenses in connection with services rendered in the above-entitled action and the requested service award. The following facts are within my own personal knowledge, and if called as a witness, I could and would testify competently to the matters stated herein.

2.     Class Counsel's prior declaration from July 11, 2011 showed that as of July 5, 2011, Class Counsel's incurred lodestar was $140,874.75 in this matter. Since that time, Class Counsel has performed additional work in this case primarily relating to final approval. The current lodestar for Class Counsel as of the date of this supplemental declaration is therefore now $152,148.50. A detailed breakdown of the total fees for services by the firm rendered to date is attached hereto as Exhibit A. In addition, Class Counsel will be expending at least another five (5) hours attending the hearing on the motion for final approval, which adds at least another $2,475 in lodestar, **for an minimum total lodestar of $154,623.50.** As a result, the requested fee award of 25% of the fund ($275,000) is therefore reasonable in light of the minimum total lodestar incurred, because it represents a only a reasonable 1.78 multiplier. As explained in the motion, the benchmark award of 25% of the common fund is supported by the fact that it correlates to this reasonable multiplier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 3rd day of November, 2011, at San Diego, California.



*s/Kyle R. Nordrehaug*
KYLE R. NORDREHAUG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT "A"

BLUMENTHAL & NORDREHAUG
2255 CALLE CLARA
LA JOLLA, CA 92037
(858) 551-1223

NOVEMBER 3, 2011

SHANNON YAM
28 VILLAGE CIRCLE
SAN RAFAEL, CA  94903

STATEMENT OF ACCOUNT FOR SERVICES RENDERED THROUGH NOVEMBER 3, 2011

RE:   KAISER
        FILE NUMBER:  CA443.001

ATTORNEY FEES

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|
| 01/11/10 13 | KN | TELEPHONE CONFERENCE WITH CLIENT AND ANALYZE CASE. | 1.00 | 495 | 495.00 |
| 01/12/10 14 | KN | LEGAL RESEARCH FOR CASE ANALYSIS. | 1.50 | 495 | 742.50 |
| 01/15/10 10 | KN | DRAFT COMPLAINT. | 3.50 | 495 | 1,732.50 |
| 01/18/10 | NBB | REVIEW COMPLAINT, ANALYZE. | 2.50 | 575 | 1,437.50 |
| 01/18/10 17 | KN | REVIEW & REVISE COMPLAINT; EMAIL CLIENT. | 1.00 | 495 | 495.00 |
| 01/18/10 25 | KN | PREPARE COMPLAINT SUMMONS AND COVER SHEET FOR FINAL. | 1.75 | 495 | 866.25 |
| 01/19/10 | NBB | REVIEW COMPLAINT RE ASSIGNMENT. | 0.25 | 575 | 143.75 |
| 01/19/10 25 | KN | PREPARE COMPLAINT FOR FINAL; REVISE COVER SHEET. | 0.50 | 495 | 247.50 |
| 01/19/10 | KN | PREPARE COMPLAINT FOR SERVICE; E-MAIL TOM; DRAFT LETTER. | 0.70 | 495 | 346.50 |
| 01/20/10 07 | KN | CORRESPONDENCE TO CLIENT AND RESEACH FOR CLIENT ISSUES. | 1.00 | 495 | 495.00 |
| 01/26/10 15 | AJB | REVIEW NOTES AND COMPLAINT. DRAFT AND SEND PAGA LETTER. | 0.50 | 395 | 197.50 |

PAGE TWO

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| 02/01/10 | NBB | REVIEW COMPLAINT, ANALYZE. CONFER OPP COUNSEL. | 1.25 | 575 | 718.75 |
| 02/02/10 15 | KN | REVIEW CORRESPONDENCE; DRAFT STATE COMPLAINT. | 1.00 | 495 | 495.00 |
| 02/05/10 17 | KN | REVIEW & REVISE COMPLAINT TO FILE IN STATE COURT. | 1.50 | 495 | 742.50 |
| 02/05/10 10 | KN | DRAFT COVER SHEET; SUMMONS; PREPARE FOR FILING. | 1.00 | 495 | 495.00 |
| 02/08/10 | KN | PREPARE COMPLAINT FOR FILING. | 1.50 | 495 | 742.50 |
| 02/08/10 10 | KN | DRAFT DISMISSAL OF ACTION; FILE AND SERVE. | 0.60 | 495 | 297.00 |
| 02/17/10 25 | KN | PREPARE COMPLAINT FOR SERVICE; EMAIL CLIENT AND DEFENDANT. | 0.50 | 495 | 247.50 |
| 02/24/10 06 | KN | CORRESPONDENCE TO DEF; ORGANIZE DOCUMENTS AND CALENDAR DATES. | 0.80 | 495 | 396.00 |
| 03/04/10 10 | KN | DRAFT AND FILE POS; PREPARE PLEADING FORM. | 1.00 | 495 | 495.00 |
| 03/19/10 15 | KN | REVIEW ANSWER; SCHEDULE DATES. | 0.70 | 495 | 346.50 |
| 03/23/10 10 | AJB | DRAFT AND SERVE PROPOSED BELAIRE NOTICE AND FIRST ROUND OF DISCOVERY. REVIEW PLAINTIFF'S DCOS AND CONFERENCE WITH KN. | 3.50 | 395 | 1,382.50 |
| 03/26/10 15 | KN | REVIEW ORDER. | 0.30 | 495 | 148.50 |
| 04/07/10 03 | AJB | CONFERENCE WITH KN. CONFERENCE WITH PLAINTIFF. CONFERENCE WITH DEFENDANT. REVIEW AND REVISE JOINT CMC STATEMENT.  DRAFT MEDIATION LETTER. | 2.00 | 395 | 790.00 |
| 04/08/10 15 | AJB | REVIEW JOINT CMC STATEMENT AND EMAIL FROM DEFENDANT, GET KN'S SIGNATURE AND SEND TO DEFENDANT. | 0.30 | 395 | 118.50 |

PAGE THREE

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|
| 04/22/10 08 | KN | COURT APPEARANCE CMC; TRAVEL TO ALAMEDA. | 8.00 | 495 | 3,960.00 |
| 07/23/10 10 | AJB | DRAFT AND SEND PAGA DOCUMENTS TO DEFENDANT. | 0.75 | 395 | 296.25 |
| 07/27/10 03 | AJB | CONFERENCE WITH CLIENT. | 0.40 | 395 | 158.00 |
| 08/12/10 | AJB | FOLLOW UP WITH DEFENDANT RE: AMENDED COMPLAINT. | 0.50 | 395 | 197.50 |
| 08/31/10 07 | KN | CORRESPONDENCE TO CLIENT AND FROM CLIENT; RESEARCH ISSUE; DISCUSS. | 0.90 | 495 | 445.50 |
| 09/02/10 17 | KN | REVIEW & REVISE STATEMENT FOR CLIENT. | 0.70 | 495 | 346.50 |
| 09/10/10 | NBB | REVIEW DOCS, REVIEW LAW, ANALYZE RE SETTLEMENT. | 3.25 | 575 | 1,868.75 |
| 09/10/10 01 | KN | ANALYSIS OF SETTLEMENT ISSUES; IDENTIFY DATA NEEDED. | 0.60 | 495 | 297.00 |
| 09/13/10 | NBB | REVIEW DOCS, REVIEW LAW, ANALYZE RE SETTLEMENT. | 3.00 | 575 | 1,725.00 |
| 09/14/10 | NBB | DRAFT CORRESPONDENCE, REVIEW FILE. | 0.25 | 575 | 143.75 |
| 09/15/10 | NBB | REVIEW DATA, ANALYZE.  REVIEW FACTS, ANALYZE. | 4.00 | 575 | 2,300.00 |
| 09/15/10 15 | KN | REVIEW DATA AND DISCUSS; ANALYZE AND RESEARCH ISSUES. | 2.00 | 495 | 990.00 |
| 09/16/10 | NBB | DRAFT SETTLEMENT BRIEF.  REVIEW LAW, ANALYZE. | 5.50 | 575 | 3,162.50 |
| 09/16/10 | KN | WORK WITH EXPERT ON DAMAGE ANALYSIS; REVIEW CLIENT EMAIL. | 1.70 | 495 | 841.50 |
| 09/17/10 | NBB | DRAFT SETTLEMENT BRIEF, REVIEW LAW, ANALYZE. | 3.50 | 575 | 2,012.50 |
| 09/20/10 | NBB | REVIEW DAMANGE STUDY, ANALYZE. DRAFT SETTLEMENT BRIEF. | 3.50 | 575 | 2,012.50 |

PAGE FOUR

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|
| 09/20/10 | NBB | REVIEW LAW RE SETTLEMENT ISSUES. | 1.75 | 575 | 1,006.25 |
| 09/21/10 | NBB | REVIEW AND REVISE MEDIATION BRIEF. REVIEW LAW, ANALYZE. | 3.50 | 575 | 2,012.50 |
| 09/22/10 | NBB | REVIEW AND REVISE MEDIATION BRIEF. REVIEW DOCS, ANALZYE. | 2.25 | 575 | 1,293.75 |
| 09/23/10 | NBB | REVIEW AND REVISE SETTLEMENT BRIEF. ANALYZE LAW. | 2.25 | 575 | 1,293.75 |
| 09/23/10 14 | KN | LEGAL RESEARCH FOR SETTLEMENT. | 0.60 | 495 | 297.00 |
| 09/23/10 15 | KN | REVIEW DAMAGE ANALYSIS; REVIEW DATA AND DOCUMENTS. | 2.30 | 495 | 1,138.50 |
| 09/23/10 03 | AJB | CONFERENCE WITH PLAINTIFF RE: TERMINATION AND MEDIATION. | 0.50 | 395 | 197.50 |
| 09/24/10 | NBB | REVIEW BRIEF, ANALYZE AMOUNT. REVISE DEMAND. | 2.00 | 575 | 1,150.00 |
| 09/24/10 | KN | PREPARE DOCUMENTS FOR MEDIATION. | 1.50 | 495 | 742.50 |
| 09/24/10 10 | KN | DRAFT MEDIATION BRIEF. | 2.00 | 495 | 990.00 |
| 09/27/10 10 | KN | DRAFT MEDIATION STATEMENT; RESEARCH ISSUES; REVIEW DATA. | 8.50 | 495 | 4,207.50 |
| 09/27/10 | NBB | REVIEW AND REVISE MEDIATION BRIEF. ANALYZE NEW OT CALCULATIONS. | 3.00 | 575 | 1,725.00 |
| 09/28/10 17 | KN | REVIEW & REVISE MEDIATION BRIEF. | 2.30 | 495 | 1,138.50 |
| 09/28/10 10 | KN | DRAFT CMC STATEMENT. | 1.50 | 495 | 742.50 |
| 09/28/10 | NBB | FINAL BRIEF, ANALYZE. | 2.25 | 575 | 1,293.75 |
| 09/29/10 10 | KN | DRAFT MOU AND TERM SHEETS FOR MEDIATION. | 1.70 | 495 | 841.50 |
| 09/29/10 | KN | TELEPHONE CONFERENCE WITH | 0.40 | 495 | 198.00 |

PAGE FIVE

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| 12 | | DEFENDANT; CORRESPONDENCE TO CLIENT. | | | |
| 09/29/10 | NBB | REVIEW DAMAGE ANALYSIS. DRAFT TERM SHEET, ANALYZE. | 3.75 | 575 | 2,156.25 |
| 09/30/10 | NBB | REVIEW TERM SHEET.  ANALYZE TERMS, REVISE. | 3.00 | 575 | 1,725.00 |
| 10/01/10 | NBB | PREP FOR SF MEDIATION.  ATTEND MEDIATION, SETTLE CASE. | 8.00 | 575 | 4,600.00 |
| 10/04/10 15 | KN | REVIEW SETTLEMENT DOCS; OBTAIN CASE CITE FOR TOM. | 0.50 | 495 | 247.50 |
| 10/05/10 | NBB | REVIEW LAW RE REMOVAL. ANALYZE. | 1.25 | 575 | 718.75 |
| 10/06/10 | KN | PREPARE FOR CMC. | 0.30 | 495 | 148.50 |
| 10/07/10 08 | KN | COURT APPEARANCE CMC VIA TELEPHONE. | 0.70 | 495 | 346.50 |
| 10/15/10 12 | KN | TELEPHONE CONFERENCE WITH CLIENT; FORWARD SETTLEMENT DOCS. | 0.30 | 495 | 148.50 |
| 10/25/10 06 | AJB | CORRESPONDENCE TO DEFENDANT; DRAFT PROPOSED ORDER AND FINAL, FILE AND SERVE STIP AND ORDER RE: FAC. | 1.00 | 395 | 395.00 |
| 10/25/10 03 | AJB | CONFERENCE WITH NBB AND REVIEW AND REVISE STIP AND FAC WITH FLSA AND SEND BACK TO DEFENDANT. | 1.00 | 395 | 395.00 |
| 10/29/10 07 | KN | CORRESPONDENCE TO CLIENT. | 0.50 | 495 | 247.50 |
| 11/03/10 | NBB | REVIEW SETTLEMENT AGREEMENT, ANALYZE, REVISE. | 1.25 | 575 | 718.75 |
| 11/04/10 15 | KN | REVIEW DOCKET; OBTAIN ORDER AND DISCUSS. | 0.30 | 495 | 148.50 |
| 11/04/10 | AJB | FINAL, FILE AND SERVE FAC. | 0.50 | 395 | 197.50 |
| 11/04/10 | NBB | REVIEW AND REVISE SETTLEMENT | 1.75 | 575 | 1,006.25 |

PAGE SIX

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| | | STIP. | | | |
| 11/08/10 | NBB | REVIEW AND REVISE SETTLEMENT AGREEMENT. | 2.50 | 575 | 1,437.50 |
| 11/17/10 | NBB | REVIEW AND REVISE SETTLEMENT STIP, ANALYZE. | 2.75 | 575 | 1,581.25 |
| 11/18/10 | NBB | REVIEW SETTLEMENT STIP, ANALYZE. | 2.50 | 575 | 1,437.50 |
| 11/22/10 | NBB | REVIEW AND REVISE SETTLEMENT STIP, ANALYZE. | 3.75 | 575 | 2,156.25 |
| 11/23/10 | NBB | DRAFT PRELIM APPROVAL MOTION PAPERS, REVIEW LAW. | 3.50 | 575 | 2,012.50 |
| 11/23/10 17 | KN | REVIEW & REVISE STIPULATION OF SETTLEMENT. | 4.00 | 495 | 1,980.00 |
| 11/24/10 | NBB | DRAFT PRELIM APPROVAL MOTION PAPERS, REVIEW LAW. | 2.75 | 575 | 1,581.25 |
| 11/24/10 15 | KN | REVIEW FINAL SETTLEMENT AGREEMENT. | 1.20 | 495 | 594.00 |
| 11/24/10 10 | KN | DRAFT EXHIBITS TO SETTLEMENT. | 4.00 | 495 | 1,980.00 |
| 11/30/10 15 | KN | REVIEW SETTLEMENT AGREEMENT; CORR TO CLIENT. | 0.50 | 495 | 247.50 |
| 12/10/10 | NBB | DRAFT PRELIM APP MOTION. | 4.00 | 575 | 2,300.00 |
| 12/13/10 | NBB | REVIEW AND REVISE PRELIM APPROVAL MOTION PAPERS, ANALYZE. | 3.25 | 575 | 1,868.75 |
| 01/31/11 | NBB | DRAFT PRELIM APPROVAL PAPERS. | 1.75 | 575 | 1,006.25 |
| 02/01/11 10 | KN | DRAFT MOTION FOR PRELIMINARY APPROVAL; RESEARCH FOR MOTION. | 3.50 | 495 | 1,732.50 |
| 02/01/11 | NBB | DRAFT PRELIM APP PAPERS. | 3.75 | 575 | 2,156.25 |
| 02/02/11 10 | KN | DRAFT MOTION FOR PRELIM APP. | 4.50 | 495 | 2,227.50 |

PAGE SEVEN

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|
| 02/02/11 | NBB | DRAFT PRELIM PAPERS. REVIEW LAW, ANALYZE. | 4.00 | 575 | 2,300.00 |
| 02/03/11 17 | KN | REVIEW & REVISE MEMORANDUM DRAFT. | 1.50 | 495 | 742.50 |
| 02/09/11 17 | KN | REVIEW & REVISE MEMORANDUM; DRAFT DECL OF NBB. | 4.50 | 495 | 2,227.50 |
| 02/09/11 25 | KN | PREPARE COMPLAINT FOR FINAL; REVISE; DRAFT PROPOSED ORDERS; PREPARE TABLES. | 2.80 | 495 | 1,386.00 |
| 02/09/11 | NBB | REVIEW AND REVISE BRIEF FOR PRELIM APPROVAL. REVIEW LAW, ANALYZE. | 4.75 | 575 | 2,731.25 |
| 02/10/11 | KN | FILE THE MOTION; SUBMIT PRO ORDER; PREPARE CHAMBERS COPIES. | 2.50 | 495 | 1,237.50 |
| 02/10/11 | NBB | FINAL PRELIM APPROVAL DOCS.. ANALYZE. | 2.00 | 575 | 1,150.00 |
| 02/15/11 | NBB | REVIEW AND REVISE PRELIM PAPERS. FINAL. | 2.25 | 575 | 1,293.75 |
| 03/04/11 12 | KN | TELEPHONE CONFERENCE WITH CLERK; REVISE MOTION PAPERS; EMAIL DEF. | 1.50 | 495 | 742.50 |
| 03/08/11 26 | KN | PREPARE MOTION FOR RE-FILING. | 1.50 | 495 | 742.50 |
| 06/14/11 09 | KN | COURT APPEARANCE-MOTION FOR PRELIMINARY APPROVAL. | 8.00 | 495 | 3,960.00 |
| 06/15/11 17 | KN | REVIEW & REVISE PROPOSED ORDER; DISCUSS WITH DEF; DISCUSS WITH NBB; SUBMIT. | 1.20 | 495 | 594.00 |
| 06/16/11 | NBB | REVIEW ORDER, ANALYZE. REVIEW LAW, ANALYZE RE ORDER. | 2.50 | 575 | 1,437.50 |
| 06/17/11 15 | KN | REVIEW BILLING AND RESEARCH SEVICE AWARD ISSUE RAISED BY COURT. | 1.00 | 495 | 495.00 |
| 06/17/11 | NBB | REVIEW LAW RE FINAL APPROVAL | 3.25 | 575 | 1,868.75 |

PAGE EIGHT

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| | | ISSUES. | | | |
| 06/21/11 | NBB | DRAFT FINAL APPROVAL PAPERS. REVIEW LAW, ANALYZE. | 3.75 | 575 | 2,156.25 |
| 06/21/11 | FJG | DRAFT SETTLEMENT Q & A, REVISE, FINALIZE. EMAILS TO AJB, KN RE: "OLA" QUESTION. CALLS TO .XLS NAMES. | 8.00 | 250 | 2,000.00 |
| 06/21/11 15 | AJB | REVIEW FILE AND CONFERENCE WITH RG RE: CLASS LIST. CORRESPONDENCE WITH GILARDI RE: SAME. REVIEW COMPLAINT AND REVIEW QAS. | 1.00 | 395 | 395.00 |
| 06/22/11 15 | KN | REVIEW ORDER; DISCUSS ISSUES FOR FINAL APPROVAL AND QUESTIONNAIRE. | 0.50 | 495 | 247.50 |
| 06/22/11 | FJG | CONTINUE .XLS CALLS TO NON-OBJECTORS.. EMAILS TO AJB AND KN. | 6.00 | 250 | 1,500.00 |
| 06/23/11 06 | KN | CORRESPONDENCE TO CLAIMS ADMINISTRATOR WITH DOCUMENTS; SET DATES. | 1.00 | 495 | 495.00 |
| 06/23/11 | NBB | DRAFT FINAL APPROVAL PAPERS. REVIEW LAW, ANALYZE. | 2.50 | 575 | 1,437.50 |
| 06/23/11 | FJG | CONTINUE .XLS CALLS THROUGH #70. COMPLETE QUESTIONNAIRES. | 7.00 | 250 | 1,750.00 |
| 06/24/11 | NBB | DRAFT BRIEF, REVIEW LAW, ANALYZE. | 3.50 | 575 | 2,012.50 |
| 06/24/11 | FJG | CONTINUE .XLS CALLS TO END OF LIST. COMPLETE 8 QUESTIONNAIRES. | 8.00 | 250 | 2,000.00 |
| 06/27/11 | NBB | REVIEW AND REVISE FINAL APPRPOVAL PAPERS. | 4.50 | 575 | 2,587.50 |
| 06/27/11 | NBB | REVIEW EVIDENCE RE NIKU ISSUE, ANALYZE. | 1.75 | 575 | 1,006.25 |
| 06/27/11 | FJG | MAKE 2ND PASS THROUGH .XLS LIST. COMPLETE 7 MORE | 8.00 | 250 | 2,000.00 |

PAGE NINE

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| | | QUESTIONNAIRES. EMAILS TO AJB AND NBB. | | | |
| 06/28/11 | NBB | DRAFT MOTION PAPERS, REVIEW LAW, ANALYZE, REVISE. | 3.50 | 575 | 2,012.50 |
| 06/28/11 | FJG | COMPLETE 2ND PASS THROUGH .XLS.  COMPLETE 7 MORE QUESTIONNAIRES. | 8.00 | 250 | 2,000.00 |
| 06/29/11 | FJG | SUBMIT FINAL TALLY TO NBB RE COMPLETE Q & AS, INCLUDING TELEPHONICALLY CALL-IN. | 1.00 | 250 | 250.00 |
| 06/30/11 | KN | EMAIL CLIENT. | 0.50 | 495 | 247.50 |
| 07/05/11 15 | KN | REVIEW NOTICE AND CALCULATIONS FOR SETTLEMENT; REVIEW EMAIL FROM CLIENT. | 1.50 | 495 | 742.50 |
| 07/05/11 15 | KN | REVIEW NOTICE AND CLAIM FORM FOR FINAL. | 0.50 | 495 | 247.50 |
| 07/06/11 15 | KN | REVIEW CALCULATIONS BY GILARDI. | 0.50 | 495 | 247.50 |
| 07/07/11 10 | KN | DRAFT DECLARATION OF YAM; DRAFT MOTION FOR ATTY FEES. | 3.70 | 495 | 1,831.50 |
| 07/08/11 17 | KN | REVIEW & REVISE DECL OF YAM; DISCUSS DECL; REVIEW SETTLEMENT SPREADSHEET. | 1.20 | 495 | 594.00 |
| 07/11/11 26 | KN | PREPARE MOTION FOR ATTY FEES FOR FILING; LEGAL RESEARCH FOR MOTION. | 4.00 | 495 | 1,980.00 |
| 07/13/11 15 | KN | REVIEW AND FILE DECLARATION. | 0.50 | 495 | 247.50 |
| 07/14/11 | KN | PREPARE CHAMBERS COPIES. | 0.40 | 495 | 198.00 |
| 07/27/11 03 | AJB | CONFERENCE WITH CLASS MEMBERS. | 0.20 | 395 | 79.00 |
| 08/12/11 15 | KN | REVIEW REMINDER POSTCARD. | 0.25 | 495 | 123.75 |
| 10/04/11 | KN | DRAFT NOTICE AND MEMORANDUM | 3.75 | 495 | 1,856.25 |

PAGE TEN

| DATE | ATTY | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|-------------|-------|------|--------|
| 10 | | FOR FINAL APPROVAL; LEGAL RESEARCH; EMAIL. | | | |
| 10/04/11 15 | KN | REVIEW GILARDI DECL RE FINAL APPROVAL. | 0.30 | 495 | 148.50 |
| 10/06/11 15 | KN | REVIEW REVISED DRAFT OF GILARDI DECL. | 0.30 | 495 | 148.50 |
| 10/18/11 17 | KN | REVIEW & REVISE MOTION FOR FINAL APPROVAL FOR FINAL; FILE AND SERVE. | 2.75 | 495 | 1,361.25 |
| 10/19/11 | KN | PREPARE MOTION PAPERS FOR COURT. | 0.40 | 495 | 198.00 |

### TOTAL BILLED HOURS

| | | | |
|---|---|---|---|
| A.J.BHOWMIK | 12.15 hr @ 395.00 | $ | 4799.25 |
| FREDRICK J. GOLDMAN | 46.00 hr @ 250.00 | $ | 11500.00 |
| KYLE NORDREHAUG | 121.40 hr @ 495.00 | $ | 60093.00 |
| NORMAN BLUMENTHAL | 131.75 hr @ 575.00 | $ | 75756.25 |

| | HOURS | AMOUNT |
|---|-------|--------|
| TOTAL PROFESSIONAL SERVICES | 311.30 | $152,148.50 |

COSTS ADVANCED

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 01/11/10 | FILING FEE : COMPLAINT FILING FEE | 350.00 |
| 01/21/10 | MESSENGER | 32.50 |
| 01/22/10 | FEDERAL EXPRESS | 19.37 |
| 01/28/10 | MESSENGER | 87.75 |
| 01/31/10 | LEXIS NEXIS | 759.29 |
| 02/05/10 | FILING FEE : STATE COMPLAINT FILING | 355.00 |
| 02/08/10 | FILING FEE: STATE COMPLEX FILING | 550.00 |
| 02/28/10 | MESSENGER | 47.75 |
| 02/28/10 | MESSENGER | 87.75 |
| 03/19/10 | TRAVEL TO COURT. | 59.00 |
| 03/31/10 | LEXIS NEXIS | 25.00 |

PAGE ELEVEN

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 03/31/10 | TRAVEL TO COURT. | 166.40 |
| 04/22/10 | BART TRANSPORTATION TO COURT. | 3.00 |
| 04/22/10 | BART TRANSPORTATION TO COURT. | 6.50 |
| 04/22/10 | DEPOSITION TRANSPORTATION. | 30.00 |
| 07/09/10 | CLAIMS ADMINISTATOR FEES. | 1,625.48 |
| 07/30/10 | MEDIATION FEES.  DAVID ROTMAN. | 8,000.00 |
| 09/29/10 | FAX FILING COST. | 5.00 |
| 09/29/10 | FAX FILLING FEES. | 5.00 |
| 09/29/10 | FAX FILING FEES. | 6.00 |
| 09/30/10 | LEXIS NEXIS | 258.83 |
| 10/01/10 | AIRFARE TO DEPOSITION. | 198.40 |
| 10/01/10 | FEDERAL EXPRESS | 27.51 |
| 10/07/10 | EXPERT WITNESS AND CONSULTANTS - D M & A. | 3,133.75 |
| 10/31/10 | LEXIS NEXIS | 457.63 |
| 11/01/10 | FILING FEE : STIPULATION FEE | 20.00 |
| 11/05/10 | FEDERAL EXPRESS | 22.25 |
| 11/05/10 | MESSENGER | 67.75 |
| 11/17/10 | MESSENGER | 47.75 |
| 02/18/11 | FEDERAL EXPRESS | 34.41 |
| 02/28/11 | LEXIS NEXIS | 520.80 |
| 03/11/11 | FEDERAL EXPRESS | 34.72 |
| 05/27/11 | TRAVEL EXPENSE TO COURT. | 159.40 |
| 06/14/11 | TRAVEL EXPENSE TO PRELIM APPROVAL HEARING. | 159.40 |
| 06/14/11 | TRAVEL EXPENSE TO COURT. | 6.50 |
| 06/14/11 | TRAVEL EXPENSE TO COURT. | 3.00 |

PAGE TWELVE

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 07/05/11 | IN HOUSE PRINTING AND COPYING CHARGES. | 122.80 |
| 07/23/11 | MESSENGER | 80.25 |
| 07/28/11 | COURT CALL. | 30.00 |
| | TOTAL COSTS ADVANCED | $ 17,605.94 |
| TOTAL CURRENT CHARGES | | $169,754.44 |

## CERTIFICATE OF SERVICE [F.R.C.P. §5]

I am a citizen of the United States and a resident of the State of California. I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 2255 Calle Clara, La Jolla, California 92037. On November 3, 2011, I served the document(s) described as below in the manner set forth below:

(1)  **DECLARATION OF KYLE NORDREHAUG IN SUPPORT OF MOTION AWARD OF ATTORNEYS' FEES AND COSTS**

_XX_  (BY ELECTRONIC SERVICE): I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court for the Southern District of California which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

_XX_  (Federal): I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 3, 2011 at San Diego, California.

_/s/Kyle R. Nordrehaug_
Kyle R. Nordrehaug